Argued and submitted April 30, 2019, affirmed January 27, petition for review denied June 10, 2021 (368 Or 206)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LEWIS JUSTICE FOCKLER III,
*Defendant-Appellant.*

Tillamook County Circuit Court
16CR35992; A166017

480 P3d 960

In this criminal case, defendant appeals from a judgment convicting him of animal abuse in the second degree, ORS 167.315, for throwing his dog to the ground. Defendant argues that the trial court erred in admitting evidence, for the limited purpose of establishing knowledge under OEC 404(3), that years earlier he threw a cat against a concrete surface. Further, even if that evidence had some minimal relevance, defendant argues that the trial court nonetheless erred in admitting the evidence because the court failed to address the danger of unfair prejudice under OEC 403. *Held*: The trial court did not err in determining that the evidence was relevant for the noncharacter purpose of establishing knowledge under OEC 404(3). Given the similarities of the two animal-throwing incidents, it is reasonable to infer that defendant had a subjective awareness of the risks that he exposed the animals to by throwing them to the ground. Further, the record reflects that the trial court adequately weighed the appropriate considerations under OEC 403.

Affirmed.

Jonathan R. Hill, Judge.

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Patrick M. Ebbett argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Tookey, Judge, and Powers, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

In this criminal case, defendant appeals from a judgment convicting him of animal abuse in the second degree, ORS 167.315, for throwing his dog to the ground. Defendant argues that the trial court erred in admitting evidence, for the limited purpose of establishing knowledge under OEC 404(3), that he threw a cat against a concrete surface. Further, even if that evidence had some relevance, defendant argues that the trial court nonetheless erred in admitting the evidence because the court failed to address the danger of unfair prejudice under OEC 403. In response, the state asserts that the cat incident was relevant to prove that defendant acted recklessly because he was aware of and consciously disregarded a substantial and unjustifiable risk that throwing his dog to the ground could injure the dog. For the reasons explained below, we conclude that the trial court did not err and, therefore, affirm.

We review a trial court's determination on the admissibility of evidence under OEC 404(3) for legal error in light of the record made before the court at the time it made its decision. *State v. Davis*, 290 Or App 244, 246-47, 414 P3d 887 (2018). We review a trial court's OEC 403 determination of whether the probative value of the proffered evidence substantially outweighs the danger of unfair prejudice for an abuse of discretion. *State v. Baughman*, 361 Or 386, 406, 393 P3d 1132 (2017).

Defendant was charged under ORS 167.315 with unlawfully and recklessly causing physical injury to his dog, after neighbors witnessed defendant throw the dog to the ground and called police. ORS 167.315(1) provides that "[a] person commits the crime of animal abuse in the second degree if, except as otherwise authorized by law, the person intentionally, knowingly or recklessly causes physical injury to an animal." To establish that defendant acted recklessly when he threw the dog, the state had to prove that defendant was "aware of and consciously disregard[ed] a substantial and unjustifiable risk." ORS 161.085(9).

On the morning of trial, the state moved *in limine* to introduce evidence that in 2003, defendant threw a cat out of his apartment because defendant was upset that the

cat had "shit" on the floor in his apartment. Neighbors who witnessed the incident called police. The responding officer noted in his police report that there was blood dripping from the cat's nose and that the cat had "difficulty with its left side hind quarters." After speaking with defendant, the officer issued defendant a citation in lieu of arrest, but that charge was never pursued.

In support of its motion in this case, the state argued that the cat-incident evidence was admissible under OEC 404 and *State v. Williams*, 357 Or 1, 346 P3d 455 (2015). Specifically, the state argued that the evidence was admissible for proving knowledge, *viz.*, that defendant was aware that, "if you throw an animal, the animal could become injured and the criminal justice system might just intervene." The state also relied on *State v. Johnstone*, 172 Or App 559, 566-67, 19 P3d 966 (2001), in which we held that a prior diversion agreement arising out of a driving under the influence of intoxicants (DUII) charge was admissible for the limited purpose of establishing that the defendant had a subjective awareness of the risks of drinking alcohol and driving a car.

Defendant objected to the evidence and argued that there was "a lack of connection" between the incident at issue and the cat-throwing incident 13 years prior. Further, defendant argued that *Johnstone* was distinguishable because, unlike defendant who was never convicted for the cat incident, the defendant in *Johnstone* participated in a diversion program where the purpose of the program is to "make a person aware of the extreme dangers of drinking while driving." Finally, defendant asserted that, under the OEC 403 analysis, the probative value of admitting the evidence was at "best minimalistic" and that the prejudicial effect of the jury misusing the "emotionally charged" information "to go, well, he's done it before, he'll do it again," was substantial.

The trial court admitted the evidence for the purpose of establishing knowledge:

"So, under [an] analysis of [OEC] 403 and 404 in *Williams*, certainly under 404, [the cat incident] would have relevance to prove knowledge. And for reckless you have to have a conscious disregard of a known risk. So it certainly

would be relevant and probative on that amount—on that issue, excuse me.

"Under Rule 403:

"'*** relevant evidence may be excluded if its probative value is substantially outweighed by danger of unfair prejudice ***'

"And that's just not the issue here. It's highly relevant and very, very probative.

"So I think it would survive the *Williams*[] test and the 403 balancing test in probative prejudicial and similar to the state's reasoning in [*Johnstone*] dealing with the DUI diversion and reckless thing. I think it's the same sort of analysis. So I do think it would be admissible for that purpose."

(Ellipses in original.) After a trial, the jury found defendant guilty, and he subsequently appealed.

On appeal, the parties largely renew the arguments that they made before the trial court. Defendant elaborates on his argument that the court erred in admitting evidence of the cat incident under OEC 404(3), arguing that the incident was "so dissimilar" from the dog-throwing incident because "the risks associated with the first act could not logically be imputed to the second act." Additionally, defendant asserts that there was no "evidence that defendant actually learned that the cat was injured, so the prior incident does not support an inference that defendant learned about the danger of throwing animals." With respect to OEC 403, defendant argues that he did not dispute that, if he had "used as much force as the state accused him of using, he would have acted recklessly." Rather, his defense at trial was that the state's witnesses were mistaken and that his actual conduct was less severe. Therefore, defendant contends that the "trial court's conclusion that the evidence was 'very, very probative' was mistaken." Further, defendant asserts that the court failed to make an adequate record of its balancing under OEC 403.

The state remonstrates that "any evidence that demonstrated defendant's subjective awareness of the risk that he could injure pets by throwing them is relevant to

prove that defendant acted recklessly" under OEC 404(3). Further, the state asserts that defendant failed to preserve the argument that there was no evidence that he knew that the cat had been injured. If defendant had made that argument, the state contends that it "would have had an opportunity to further develop the record on that point." In response to defendant's argument that the trial court failed to engage in the necessary OEC 403 balancing, the state counters that the trial court heard defendant's arguments that the cat incident was unfairly prejudicial, quoted OEC 403, and then concluded that the evidence would survive the balancing test.

"Evidence of uncharged misconduct is admissible for a noncharacter purpose when the chain of logical relevance connecting the evidence to the other fact or facts does not ultimately rely on an inference relating to the defendant's character or propensities." *Davis*, 290 Or App at 251 (internal quotation marks omitted). As such, "[w]hen a party objects to the admission of other acts evidence, a trial court first should determine whether the proffered evidence is relevant for one or more nonpropensity purposes, under OEC 404(3)." *Baughman*, 361 Or at 404. As the Supreme Court recently explained, "a trial court must determine the facts— intermediate and ultimate—that the proponent wants the factfinder to infer from the evidence." *State v. Skillicorn*, 367 Or 464, 482, 479 P3d 254 (2021). OEC 404(3) provides:

> "Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

The state, as the proponent of the evidence in this case, "bears the burden of demonstrating relevance and, under OEC 404(3)," that the evidence is probative of something other than defendant's bad character. *State v. Wright*, 283 Or App 160, 170, 387 P3d 405 (2016). As the Supreme Court has cautioned, "[a] proponent of uncharged misconduct evidence might make a general assertion that the evidence is admissible for one or more of the purposes listed in OEC

404(3). But such an assertion, by itself, is insufficient to allow a trial court to determine whether the evidence is supported by a nonpropensity theory of relevance." *Skillicorn*, 367 Or at 483. Thus, a "proponent should identify the logical path that it will be asking the factfinder to follow," so that a court may determine whether the theory of relevance involved propensity reasoning. *Id*. at 483-84.

If the evidence is relevant for a nonpropensity purpose, then the court should determine "whether the probative value of that evidence is substantially outweighed by the danger of unfair prejudice under OEC 403." *Baughman*, 361 Or at 404; *see also State v. Mayfield*, 302 Or 631, 645, 733 P2d 438 (1987) (outlining the four-step process for assessing evidence under OEC 403). Evidence that is relevant for a nonpropensity purpose under OEC 404(3) "generally will be admissible under OEC 403 as long as the particular facts of the case do not demonstrate a risk of unfair prejudice that substantially outweighs the probative value of the evidence." *Baughman*, 361 Or at 405.

In this case, the trial court correctly determined that the proffered evidence was relevant for a nonpropensity purpose—knowledge. As an initial matter, in litigating the relevancy question, the parties understandably operated on the assumption that defendant would have been aware that the cat was injured as described in the police report, and defendant instead focused his arguments on the "lack of connection" between the two incidents, the age of the cat incident, the fact that he was never convicted of that incident, and any probative value being substantially outweighed by prejudice. To the extent that defendant now argues that the state failed to adequately develop the record with respect to his actual knowledge of the cat's injuries, we conclude that that argument is unpreserved. *See Peeples v. Lampert*, 345 Or 209, 219-20, 191 P3d 637 (2008) (outlining preservation requirements and explaining that, "preservation fosters full development of the record, which aids the trial court in making a decision and the appellate court in reviewing it"). At no point did defendant do anything to suggest to the trial court that he lacked knowledge of the cat's injuries or that the police report submitted into evidence by the state

for the purpose of the evidentiary hearing mischaracterized the incident.

Turning to the merits of the analysis, the state presented a logical path that was not dependent on propensity reasoning, *viz.*, relying on an intermediate bad character inference to connect an uncharged act to the ultimate conclusion. *See Skillicorn*, 367 Or at 483. In this case, the cat incident was relevant under OEC 404(3) to provide evidence of defendant's knowledge of the risks of throwing an animal. Although the cat incident occurred 13 years before the dog incident, the facts of the two animal-throwing incidents are sufficiently similar: both involved concerned neighbors calling police after witnessing defendant throw a household pet to the ground. The incidents need not be identical to provide at least some basis from which a trier of fact could draw a reasonable inference. *See Johnstone*, 172 Or App at 566 (concluding that evidence of the defendant's prior DUII was admissible for the purpose of demonstrating knowledge under the circumstances manifesting "extreme indifference to the value of human life," to prove the manslaughter and assault convictions at issue). In this case, it is reasonable to infer that defendant had a subjective awareness of the risks that he exposed the animals to by throwing them to the ground. Further, the lack of evidence that a defendant was formally educated or informed about the particular risks—here throwing of an animal—may make the inference that the defendant was subjectively aware of those risks weaker, but weaker evidence does not mean that the evidence is inadmissible. *See State v. Hardman*, 196 Or App 522, 530-31, 102 P3d 722 (2004) (so recognizing). Therefore, the trial court did not err in determining that the evidence was relevant for the noncharacter purpose of establishing knowledge under OEC 404(3).

Having concluded that the evidence was relevant under OEC 404(3), we must still assess whether the trial court abused its discretion in admitting the evidence under OEC 403. *See Baughman*, 361 Or at 404 (noting that, if "the proffered evidence is relevant for one or more nonpropensity purposes," the second step is to determine whether the "probative value of that evidence is substantially outweighed by

the danger of unfair prejudice"). As noted earlier, defendant asserts that the court failed to make an adequate record of its balancing under OEC 403.

OEC 403 provides, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence." A trial court is not required to "recite on the record how it evaluated the probative and prejudicial value of evidence and how it balanced the two"; rather, "a court will make a sufficient record *** if the trial court's ruling, considered in light of the parties' arguments, demonstrates that the court balanced the appropriate considerations." *State v. Anderson*, 363 Or 392, 406, 423 P3d 43 (2018).

Here, the record reflects that the trial court adequately weighed the appropriate considerations under *Anderson*: the state argued that the evidence was probative, defendant argued that the unfair prejudicial effect of the evidence outweighed its probative value, and the trial court recited the relevant portion of OEC 403 before making its ruling. Although the trial court did not explicitly articulate the danger of unfair prejudice, defendant extensively argued that the evidence was emotionally charged and had minimal probative value. In light of those arguments, the trial court's statements sufficiently reflect that the trial court balanced the probative value of the cat incident against its unfair prejudicial effect. Accordingly, the trial court did not abuse its discretion in admitting the cat-incident evidence under OEC 403.

Affirmed.