Argued and submitted September 11, 2019, reversed and remanded
March 3, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RICHARD DEAN TERRY,
*Defendant-Appellant.*

Marion County Circuit Court
16CR12422; A165366

482 P3d 105

For twice forcibly touching the breast of a 15-year-old girl, a jury convicted defendant of two counts of first-degree sexual abuse, ORS 163.427. At trial, the court allowed evidence of uncharged misconduct to be admitted under OEC 404(3) and (4) and OEC 403—including evidence that defendant told his treatment provider that, when changing his daughter's diaper, he became aroused and could not resist touching her vaginal area. On appeal, defendant contends that the trial court legally erred when it determined that the evidence was relevant for a nonpropensity purpose, and also that it otherwise abused its discretion when determining that the evidence was admissible under OEC 403 for propensity purposes. *Held*: The trial court erred in concluding that the evidence was admissible under OEC 404(3) to prove intent or lack of mistake. As for OEC 404(4) and OEC 403, the trial court also erred in admitting the evidence pertaining to defendant's admissions in therapy about becoming aroused when changing his daughter's diaper. The probative value of that evidence was low because it bore little similarity to the conduct for which defendant was charged, and the evidence was highly inflammatory. That error was not harmless—there was some likelihood that the jury convicted defendant for an impermissible reason, rather than because he committed the charged offenses.

Reversed and remanded.

Sean E. Armstrong, Judge.

David O. Ferry, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Rebecca M. Auten, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and DeVore, Judge, and Powers, Judge.

LAGESEN, P. J.

Reversed and remanded.

## LAGESEN, P. J.

Defendant appeals a judgment of conviction for two counts of first-degree sexual abuse, ORS 163.427. He assigns error to the trial court's decision to admit evidence of uncharged misconduct under OEC 404(3) and (4) and OEC 403. He contends that the trial court legally erred when it determined that the evidence was relevant for a nonpropensity purpose, and also that it otherwise abused its discretion when determining that the evidence was admissible under OEC 403 for propensity purposes. We reverse and remand.

We review for legal error the trial court's determination that evidence of uncharged misconduct qualifies for admission under either OEC 404(3) or OEC 404(4). *State v. Baughman*, 361 Or 386, 406, 393 P3d 1132 (2017); *State v. Fockler*, 308 Or App 765, 766, 480 P3d 960 (2021). We review for abuse of discretion a trial court's determination under OEC 403 that the probative value of proffered evidence is not substantially outweighed by the danger of unfair prejudice. *State v. Gibson*, 299 Or App 582, 588-89, 451 P3d 259 (2019), *rev den*, 366 Or 691 (2020).

The state charged, and the jury ultimately found, that defendant committed two acts of first-degree sexual abuse on two separate occasions by forcibly touching the breast of T, a 15-year-old friend of defendant's daughter. Defendant denied doing so.

Before trial, defendant moved *in limine* to exclude evidence relating to his 1997 conviction, pursuant to a guilty plea, for one count of attempted unlawful sexual penetration. The victim of the charge was a 10-year-old relative of defendant. At the hearing on the motion, the state identified four specific items of evidence pertaining to the 1997 conviction that it sought to introduce:

- Evidence that defendant, speaking about the conduct that led to the 1997 conviction, told police in 1996: "Yes, it's possible I touched [the victim] there. Yes, it's possible my penis touched her. Yes, it's possible my semen could be on her. However, I was asleep and confused."

- Evidence of the fact of defendant's 1997 conviction.

- Evidence that defendant told a witness in the 1997 case that defendant "would have a hard time turning down a 10, 11, 12 or 13-year-old. Have you seen the way some of them look lately?"

- Evidence that, while in sex offender treatment following the 1997 conviction, defendant told his treatment provider that, when changing his daughter's diaper, he became aroused and could not resist touching her vaginal area.

The court first concluded that the evidence was admissible under OEC 404(3) "for absence of mistake and intent," and also that it was "admissible for propensity" under OEC 404(4) and *State v. Williams*, 357 Or 1, 346 P3d 455 (2015). It noted that it thought the evidence was "strong evidence of [defendant's] intentions and his actions at the time," and that that strong probative value was not substantially outweighed by the danger of unfair prejudice.

Consistent with the trial court's ruling, the evidence was admitted at trial. In closing argument, the prosecutor argued to the jury that it could infer from the evidence of defendant's "past" that he committed the charged offenses. Walking through each item of the challenged evidence, the prosecutor told the jury that it could "consider" it. The prosecutor argued that defendant's statement about 10-, 11-, 12-, or 13-year-old girls "indicated he's sexually interested in teenage girls" and noted that the victim was a teenage girl. The prosecutor also argued that the jury could infer from defendant's admissions about touching the vagina of his infant daughter that defendant "lost control when he saw a teenage girl in his house and fondled her" the same way he would "lose control" when changing his daughter's diaper.

The jury found defendant guilty and he appealed.

On appeal, defendant assigns error to the trial court's admission of each item of evidence listed above. He argues that the court legally erred when it concluded that each item of evidence was admissible under OEC 404(3) to show intent and absence of mistake. As we understand his

brief, in defendant's view, that error, at a minimum, requires a conditional remand to the trial court under *Baughman* so that the court can redo its OEC 403 assessment without relying on its erroneous determination that the evidence was probative of intent or absence of mistake under OEC 404(3). *See Baughman*, 361 Or at 411 (remanding for further proceedings where trial court erred in determining that uncharged misconduct evidence was admissible for nonpropensity purposes and error influenced its assessment of the evidence under OEC 403). Defendant also argues, however, that, even allowing for the fact that the evidence is admissible for propensity purposes under OEC 404(4) and *Williams*, it would be an abuse of discretion under OEC 403 to conclude that the evidence is admissible when that exercise of OEC 403 discretion is conducted in accordance with the factors identified in *United States v. LeMay*, 260 F3d 1018 (9th Cir 2001), *cert den*, 534 US 1166 (2002), which the Supreme Court cited with approval in *Williams*. *Williams*, 357 Or at 20.

In response, the state argues that the evidence demonstrates that defendant has a "sexual interest in children," and was admissible for that purpose. *See id*. at 23 (ruling that evidence that the defendant possessed a child's underwear was admissible to demonstrate his sexual interest in children). The state asserts that it does not matter for purposes of balancing whether that is an OEC 404(3) nonpropensity theory of relevance or an OEC 404(4) propensity theory of relevance. That is because, in its view, the court understood that it was admitting the evidence to show that defendant had a sexual interest in children and, then, correctly determined that the probative value of each item of evidence was not substantially outweighed by the danger of unfair prejudice.

As an initial matter, in light of the Supreme Court's recent decision in *State v. Skillicorn*, 367 Or 464, 479 P3d 254 (2021), the trial court erred in concluding that the evidence was admissible under OEC 404(3) to prove intent or lack of mistake. In *Skillicorn*, the court explained that, "[i]f the proponent's theory of relevance requires the factfinder to employ propensity reasoning, then the trial court cannot

admit the evidence based on that theory under OEC 404(3)." *Id.* at 476. A theory of relevance employs propensity reasoning if it invites the factfinder to infer "that a person has a propensity to engage in certain types of behavior and that the person acted in conformance with that propensity on a particular occasion." *Id.*

Regardless of the name placed on it, that was the theory for which the state offered and the trial court admitted the evidence at issue in this case. The state argued that the evidence "goes to his propensity, right? He's someone who's previously expressed a sexual attraction to kids. Therefore, he's more likely, and he's sexually attracted to this child," something that shows that defendant had the intent to touch the victim sexually and that it was not, in fact, an accident, "because the fact [that] it's happened before suggests that it wasn't an accident this time." And, as we understand the court's ruling, that was its basis for admitting the evidence. Because that theory employs propensity reasoning—"the fact [that] it's happened before suggests that it wasn't an accident this time"—the evidence was not separately admissible under OEC 404(3), and the trial court erred to the extent that it admitted the evidence under that provision.[1]

The remaining question is whether the trial court's ruling can be sustained under OEC 404(4) and *Williams*. As defendant acknowledges, OEC 404(4) and *Williams* allowed for the evidence to be admitted under a propensity theory of relevance, subject to OEC 403 balancing. Defendant contends that, when that OEC 403 balancing is conducted taking into account the *LeMay* factors approved in *Williams*, it leads to one conclusion: that it was an abuse of discretion to admit the evidence in whole or in part. The state argues otherwise. We conclude that the court abused its discretion in admitting the evidence regarding defendant's two-year-old daughter, but acted within its discretion in admitting the other challenged items of evidence.

---

[1] We note that, even absent the Supreme Court's decision in *Skillicorn*, the state's articulated theory of admissibility appears to conflict with *State v. Tena*, 362 Or 514, 524-25, 412 P3d 175 (2018), and *State v. Kelley*, 293 Or App 90, 98, 426 P3d 226 (2018).

In *LeMay*, the Ninth Circuit identified factors to guide a court's exercise of discretion in determining whether to admit evidence of uncharged sexual misconduct in a prosecution for sex crimes. Recognizing the inflammatory nature of such evidence and the due-process-jeopardizing danger of unfair prejudice it presents, the court identified a series of nonexclusive factors for a court to take into account when exercising discretion to admit such evidence. *LeMay*, 260 F3d at 1024, 1028. Those factors include (1) the similarity of the uncharged misconduct; (2) the temporal proximity of the uncharged acts to the charged acts; (3) the frequency of the prior acts; (4) the existence or nonexistence of intervening circumstances; and (5) the need for the evidence in addition to the testimony. *Id.* at 1028.

Taking those factors into account, we cannot say that the trial court abused its discretion in admitting the evidence of defendant's prior conviction, his statement about the circumstances underlying that conviction, and his statement admitting his attraction to 10- to 13-year-old girls. The state had a strong need for the evidence, the victim of the charges was close in age to the category of girls that defendant admitted an attraction to, and not too much older than the 10-year-old victim of the prior charges. The evidence, although potentially inflammatory, could be addressed through a limiting instruction, something the trial court offered, although it appears that no party requested that one be delivered. Although other *LeMay* factors point in a different direction, such that the court would have been within its discretion to exclude the evidence as well, it was within its discretion to admit it. *See State v. Moles*, 295 Or App 606, 620, 435 P3d 782, *rev den*, 365 Or 194 (2019), *rev'd on other grounds*, 366 Or 549, 466 P3d 61 (2020) (addressing the *LeMay* factors and concluding that "the trial court's decision to admit the evidence to show sexual purpose— even if different from how this court might ultimately have resolved the balancing question in the first instance— represents a permissible exercise of the court's discretion under the totality of the circumstances in this case").

We reach a different conclusion with respect to the evidence pertaining to defendant's admissions in therapy about becoming aroused when changing his daughter's

diaper and touching her vaginal area. That conduct is not highly probative because it bears little similarity to the charged conduct; there is a vast difference between a child in diapers and a middle-teenager. The evidence is highly inflammatory, giving rise to the risk of the jury convicting not because defendant engaged in the charged conduct but, instead, because he posed a risk to babies—something he was not on trial for in this case. *See State v. Lipka*, 289 Or App 829, 832, 413 P3d 993, *rev den*, 362 Or 860 (2018) ("Evidence is unfairly prejudicial when it has an undue tendency to suggest a decision on an improper basis, commonly, although not always, an emotional one, and when the preferences of the trier of fact are affected by reasons essentially unrelated to the persuasive power of the evidence to establish a fact of consequence." (Internal quotation marks omitted.)). The state's need for this specific item of evidence is not strong, particularly in view of the other propensity evidence that the trial court permissibly determined was admissible and that involved circumstances with greater similarity to the charged offenses.

The error was not harmless. Evidentiary error is harmless only when there is little likelihood it affected the jury's verdict. *Skillicorn*, 367 Or at 494. Here, given the inflammatory nature of the evidence, there is some likelihood that the jury convicted defendant for the impermissible reason that he posed a threat to babies in a case in which it was called upon to decide whether he had committed specific sex offenses against a teenager. There is also some likelihood that the jury relied on that evidence in finding that defendant committed the charged conduct. As noted, the prosecutor argued to the jury that it could infer from the evidence of defendant's conduct with his young daughter that defendant became aroused, lost control, and forcibly touched the teenage victim's breast. There is at least some likelihood that the jury did exactly that.

In sum, the trial court erred in ruling the evidence admissible under OEC 404(3). Although it properly admitted some of the evidence under OEC 404(4) and OEC 403, it abused its discretion by admitting the evidence regarding defendant's admissions in treatment about his conduct

while changing his daughter's diaper. That error was not harmless and requires reversal.

Reversed and remanded.