Submitted October 7; convictions on Counts 2 and 3 reversed and remanded, remanded for resentencing, otherwise affirmed November 17, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RAYMOND MERL TURNER,
*Defendant-Appellant.*

Benton County Circuit Court
17CR16692; A171915

499 P3d 888

Matthew J. Donohue, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Meredith Allen, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Convictions on Counts 2 and 3 reversed and remanded; remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant appeals a judgment of conviction for three counts of first-degree sodomy (Counts 1 to 3); three counts of first-degree sexual penetration (Counts 4 to 6); and three counts of first-degree sexual abuse (Counts 7 to 9). Although the jury was instructed that it need not reach unanimity to find defendant guilty, it returned unanimous verdicts on all but Counts 2 and 3. On appeal, defendant contends that the trial court: (1) abused its discretion under OEC 403 in admitting certain evidence of other sexual misconduct by defendant; (2) erred by instructing the jury that it could convict by a less-than-unanimous verdict; and (3) erred by accepting the nonunanimous verdicts on Counts 2 and 3.

When considered in conjunction with the record and similar cases, including *State v. Terry*, 309 Or App 459, 482 P3d 105 (2021), and *State v. Moles*, 295 Or App 606, 435 P3d 782, *rev den*, 365 Or 194 (2019), *rev'd on other grounds*, 366 Or 549, 466 P3d 61 (2020), the trial court's challenged OEC 403 ruling was not an abuse of discretion.

As for nonunanimity, although the trial court erred in instructing the jury that it could convict by nonunanimous verdicts, that error requires reversal only of the convictions on Counts 2 and 3, the sole counts on which the jury was not unanimous. *State v. Flores Ramos*, 367 Or 292, 478 P3d 515 (2020); *State v. Kincheloe*, 367 Or 335, 478 P3d 507 (2020). The error does not require reversal of the convictions on which the verdicts were unanimous. *Id*.

Convictions on Counts 2 and 3 reversed and remanded; remanded for resentencing; otherwise affirmed.