***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted December 7, 2022, affirmed May 10, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAVID ALAN MOLES,
*Defendant-Appellant.*

Marion County Circuit Court
15CR09283; A175727

Daniel J. Wren, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Meredith Allen, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

### PAGÁN, J.

For the second time, we address defendant's appeal from a judgment of conviction. In our first opinion, we affirmed defendant's conviction for six counts of first-degree sexual abuse. *State v. Moles*, 295 Or App 606, 607, 435 P3d 782 (*Moles I*), *rev den*, 365 Or 194 (2019), *rev allowed in part, rev'd in part and rem'd*, 366 Or 549, 466 P3d 61 (2020) (*Moles II*). The Oregon Supreme Court reversed and remanded because defendant's convictions were based on nonunanimous verdicts. On remand, a second jury trial occurred, and a jury found defendant guilty of three counts of first-degree sexual abuse. Defendant raises a single assignment of error. He claims that the trial court erred when it denied his motion *in limine*, in which he sought to exclude evidence that he had also abused the victim's mother when she was a minor. We affirm.

The relevant facts are primarily procedural. On remand from the Supreme Court, defendant was charged by third amended indictment with six counts of first-degree sexual abuse.[1] Before trial, defendant filed a motion *in limine*. Defendant sought to exclude evidence that, when the victim's mother was a minor, defendant had touched the victim's mother for sexual arousal, that he had used his finger to penetrate her vagina, and that he had engaged in oral sex with the victim's mother.

In his motion, defendant acknowledged that, during his first trial, he moved to exclude the same evidence, and the trial court ruled in 2015 that the evidence was admissible. That ruling was affirmed on appeal. *Moles I*, 295 Or App at 607. Before his second trial, defendant pointed out that he had been acquitted on a charge of sodomy against the victim, and, therefore, evidence relating to allegations of "prior uncharged penetration and oral sex" involving the victim's mother would be "more prejudicial and less probative than it was in 2015."

At the hearing, the trial court ruled that the evidence of uncharged misconduct was admissible under OEC

---

[1] The third amended indictment did not make substantive changes to the charges subject to retrial. It was filed to avoid confusion regarding the charges.

404(3) to show intent,[2] but, when weighing the probative value of the evidence against the danger of unfair prejudice, the trial court indicated that it was "going to make some deviations from what has been previously found." The trial court determined that "there can be no more discussion about the sodomy that happened, because that was found not guilty at trial. So therefore, I believe that the evidence that could be presented by [the victim's mother] regarding sodomy would only tend to be inflammatory."

Next, the trial court turned to the question of the admissibility of the evidence under "the *Williams* analysis." In *State v. Williams*, 357 Or 1, 20, 346 P3d 455 (2015), the Supreme Court explained that, in child sex abuse cases, other acts evidence may be admissible under OEC 404(4) depending on subsequent OEC 403 balancing.[3] Here, the trial court determined that the evidence was relevant under OEC 401,[4] admissible under *Williams*, and, after applying the factors discussed in *United States v. LeMay*, 260 F3d 1018 (9th Cir 2001), *cert den*, 534 US 1166 (2002), the trial court excluded evidence of sodomy but ruled that testimony from the victim's mother was otherwise admissible. In its written order, the trial court granted in part and denied in part defendant's motion. It granted the motion to exclude evidence of sodomy and denied the motion to exclude "all other evidence" that defendant had sexually abused the victim's mother.

During defendant's second trial, the jury heard testimony from the victim's mother, and the trial court provided

---

[2]

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." OEC 404(3).

[3] Under OEC 404(4), in criminal actions, evidence of other crimes, wrongs or acts by a defendant is admissible if relevant unless otherwise prohibited by specified rules of evidence, the Oregon Constitution, and the United States Constitution.

[4]

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." OEC 401.

a limiting instruction to the jury before her testimony. The victim's mother testified that defendant "molested" her. She stated that it started when she was 13 or 14 years old, and it stopped when she was 15 or 16. She testified that defendant touched her vagina with his fingers. She also testified that she would sit on defendant's lap, and he would "rub on me and stuff." The jury also heard testimony from the victim. Defendant was convicted of three counts of first-degree sexual abuse involving the victim.

On appeal, defendant argues that the trial court erred by denying his motion *in limine*. Defendant argues that "[d]espite sanitizing the evidence somewhat, the trial court's ruling was erroneous because the evidence has no nonpropensity purpose. Alternatively, it was unfairly prejudicial propensity evidence." Relying on *State v. Skillicorn*, 367 Or 464, 479 P3d 254 (2021), defendant argues that the trial court erred in ruling that the prior acts evidence was admissible as noncharacter evidence under OEC 404(3).[5] Alternatively, defendant argues that even if "that error is not sufficient to require reversal, the trial court erred in its assessment of the evidence under OEC 404(4) and OEC 403." Defendant argues that the trial court "overestimated the state's need for the evidence and underestimated the likely unfairly prejudicial effect that the evidence would have on the jury."

We review for legal error the trial court's determination that evidence of uncharged misconduct qualifies for admission under either OEC 404(3) or OEC 404(4). *State v. Terry*, 309 Or App 459, 461, 482 P3d 105 (2021). "We review for abuse of discretion a trial court's determination under OEC 403 that the probative value of proffered evidence is not substantially outweighed by the danger of unfair prejudice." *Id*.

Here, the state concedes that the prior acts evidence was not admissible under OEC 404(3) and that the trial court erred in concluding otherwise. However, the state argues that reversal is not required because "the trial court

___

[5] *Skillicorn* was decided after the trial court's ruling on defendant's motion *in limine*, but over a month before defendant's second jury trial.

explicitly concluded that the evidence was admissible under OEC 404(4) to prove defendant's sexual purpose, and it explicitly and independently conducted OEC 403 balancing with that purpose in mind."

We agree with the state's concession that the trial court erred when it determined that the prior acts evidence was admissible under OEC 404(3). In so ruling, the trial court applied "a *Johns* analysis." *State v. Johns*, 301 Or 535, 725 P2d 312 (1986), was largely overruled by *Skillicorn*, 367 Or at 476, which explained that, "[i]f the proponent's theory of relevance requires the factfinder to employ propensity reasoning, then the trial court cannot admit the evidence based on that theory under OEC 404(3)."

Here, by admitting the prior acts evidence under OEC 404(3) as relevant to show defendant's intent, the trial court invited the jury to infer that defendant was the kind of person who would intentionally subject a minor to sexual contact and that he acted in conformity with that character during his encounters with the victim. *See Williams*, 357 Or at 21 (discussing the crime of first-degree sexual abuse and explaining that the state is required to prove touching with a sexual purpose). Thus, we accept as well taken the state's concession that the trial court erred by admitting the other acts evidence under OEC 404(3). *See State v. Travis*, 320 Or App 460, 461, 513 P3d 614 (2022) (accepting a similar concession and citing recent cases holding that evidence of prior conduct to show sexual purpose is impermissible character evidence under OEC 404(3)).

Despite that error, reversal is not required. The trial court also ruled that the prior acts evidence was relevant under OEC 401, it undertook a "*Williams* analysis," it conducted a balancing test under OEC 403, which included an application of the factors identified in *LeMay*, 260 F3d at 1028, and, based on its consideration of those factors, it excluded evidence of sodomy but otherwise admitted the prior acts evidence. Because the trial court separately analyzed the other acts evidence as character evidence, and then engaged in OEC 403 balancing, the trial court's decision complies with the prescribed framework for determining the admissibility of character evidence under OEC 404(4) as

explained in *Williams*, 357 Or at 20, and *Travis*, 320 Or App at 466-67.

In *LeMay*, 260 F3d at 1028, the Ninth Circuit identified a series of nonexclusive factors to guide a court's exercise of discretion in determining whether to exclude evidence as unfairly prejudicial under FRE 403, the federal analog of OEC 403. Those factors include: (1) the similarity of the uncharged misconduct; (2) the temporal proximity of the uncharged acts to the charged acts; (3) the frequency of the prior acts; (4) the existence or nonexistence of intervening circumstances; and (5) the need for the evidence in addition to the testimony. *Id.*

Here, when comparing the evidence of prior bad acts to the charges, the trial court found similarities of "age, location, access, and relation." The trial court explained that both the victim and her mother "were preteens at the time of this alleged abuse. They both endured the abuse in the defendant's home * * * when defendant was acting as a care provider. And he was in a position of authority and trust. They were both young relatives." The trial court noted that there were some differences, but it was not permitting testimony that defendant's prior acts involved sodomy. The trial court also determined that the other *LeMay* factors weighed in favor of admitting the other acts evidence.

We conclude that there was no abuse of discretion in the trial court's decision to admit the prior acts evidence after weighing its probative value against the risk of unfair prejudice. *See Terry*, 309 Or App at 464-65 (applying abuse of discretion standard to the trial court's OEC 403 balancing and to its consideration of the *LeMay* factors). In our prior opinion affirming the judgment of conviction after defendant's first trial, we concluded that the trial court's decision to admit evidence of uncharged misconduct involving the victim's mother represented "a permissible exercise of the court's discretion under the totality of the circumstances." *Moles I*, 295 Or App at 620. Here, like in *Moles I*, the trial court recognized that it was admitting the prior bad acts evidence under *Williams*, 357 Or at 15, but, unlike in *Moles I*, the trial court excluded evidence of sodomy as unfairly prejudicial. In so ruling, the trial court did not abuse its

discretion. *See State v. Powers*, 323 Or App 553, 565, 523 P3d 1112 (2023) (There was no reversible error because the trial court "understood the nature of * * * [the prior bad acts] evidence under OEC 404(4) and then explicitly conducted OEC 403 balancing following its alternative OEC 404(4) rationale.").

Defendant's final argument is that the trial court's ruling on the motion *in limine* violated due process. We are not persuaded. *Williams* states that "in a prosecution for child sexual abuse, the [United States Supreme] Court would hold that subjecting proffered 'other acts' evidence to OEC 403 balancing is a due process requirement." 357 Or at 18. Here, in his second trial, defendant faced charges of first-degree sexual abuse. As explained above, the trial court subjected the prior bad acts evidence to OEC 403 balancing, and it applied the *LeMay* factors before concluding that it would exclude evidence of sodomy but otherwise admit the evidence. The trial court's ruling on the motion *in limine* did not violate due process or deprive defendant of his right to a fair trial.

Affirmed.