On respondent's petition for reconsideration filed April 14; reconsideration allowed, former opinion (309 Or App 745, 483 P3d 1167) clarified and adhered to as clarified June 30, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RICKY ALLEN LEVASSEUR,
*Defendant-Appellant.*

Lane County Circuit Court
16CR73224; A166406

489 P3d 630

Clara L. Rigmaiden, Judge.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Michael A. Casper, Assistant Attorney General, for petition.

Before DeHoog, Presiding Judge, and Egan, Chief Judge, and Mooney, Judge.

PER CURIAM

Reconsideration allowed; former opinion clarified and adhered to as clarified.

**PER CURIAM**

The state petitions for reconsideration of our decision in *State v. Levasseur*, 309 Or App 745, 483 P3d 1167 (2021). In our original opinion, we relied upon *State v. Skillicorn*, 367 Or 464, 479 P3d 254 (2021), and concluded that the trial court erred in admitting evidence of defendant's prior crimes under OEC 404(3). We "[r]eversed and remanded" the case. *Levasseur*, 309 Or App at 756. Noting that a "reverse and remand" disposition can "give rise to uncertainty * * * about the scope of the trial court's authority," the state seeks reconsideration, asking only that we clarify whether the trial court may conduct a limited hearing on remand to determine whether the prior-crimes evidence is admissible under OEC 404(4). We allow the state's petition to reconsider in order to clarify our disposition and to avoid confusion.

When we "reverse and remand" a case to the trial court, "we leave it to the trial court to determine and apply the appropriate procedure and analysis[.]" *State v. Sewell*, 225 Or App 296, 298, 201 P3d 918, *rev den*, 346 Or 258 (2009). That was our intent here. Because the trial court admitted the prior crimes evidence under OEC 404(3), it did not reach the issue of whether that evidence was admissible under OEC 404(4), and we likewise declined to consider the state's OEC 404(4) arguments on appeal. *Levasseur*, 309 Or App at 753. Our remand should not be interpreted as prohibiting the trial court from analyzing OEC 404(4) admissibility before deciding whether a new trial is necessary.[1] We leave that to the trial court to decide.

Reconsideration allowed; former opinion clarified and adhered to as clarified.

---

[1] We again express no view on whether the evidence would or would not be admissible under OEC 404(4).