Argued and submitted January 29, reversed and remanded October 6, 2021

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# ROBERTO SANTIAGO MARTINEZ,
*Defendant-Appellant.*

## Washington County Circuit Court
19CR03333; A171517

499 P3d 856

Defendant appeals a judgment of conviction for one count of first-degree sexual abuse, ORS 163.427, resulting from alleged criminal conduct toward a minor child, B. On appeal, defendant contends that the trial court erred in admitting evidence regarding defendant's abuse of a different minor child, C. Defendant argues the trial court erred in admitting the evidence regarding defendant's abuse of C because it erroneously concluded that that evidence was relevant for a nonpropensity purpose. *Held*: The other-acts evidence concerning defendant's conduct toward C was propensity evidence. Therefore, to the extent such evidence was admissible, it was admissible as propensity evidence under OEC 404(4), not as nonpropensity evidence under OEC 404(3). However, the Court of Appeals understood the trial court to have admitted the evidence regarding defendant's abuse of C under OEC 404(3) as nonpropensity evidence. Therefore, the trial court erred.

Reversed and remanded.

Theodore E. Sims, Judge.

David O. Ferry, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

David B. Thompson, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

TOOKEY, J.

Reversed and remanded.

**TOOKEY, J.**

Defendant appeals a judgment of conviction for one count of first-degree sexual abuse, ORS 163.427, resulting from alleged criminal conduct toward a minor child, B. On appeal, defendant contends that "the trial court erred in admitting evidence regarding defendant's prior abuse of [a different minor,] C." In defendant's view, the trial court erred in concluding that the evidence regarding C was relevant for a nonpropensity purpose and, thereafter, admitting that evidence. We agree with defendant that the trial court erred. We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

The facts relevant to our analysis are undisputed. Further, because the arguments on appeal largely concern how we should understand the trial court's ruling in light of the arguments made to the trial court, we discuss those arguments in some detail.

In 2017, B, a child under the age of 14, was sleeping in defendant's daughter's room. B reported to various individuals that, in the early morning, defendant had come into his daughter's room and touched B's breasts.

In 2019, defendant was indicted for one count of first-degree sexual abuse. The indictment alleged that defendant "did unlawfully and knowingly subject [B], a child under 14 years of age, to sexual contact by touching her breast(s)."

Defendant filed a pretrial motion *in limine* seeking to exclude, among other evidence, "accusations of sex abuse made against [defendant] that are separate and apart from the accusations listed in the Indictment." Defendant took the position that any such evidence is "improper character evidence under OEC 404" and that "the prejudicial effect of such evidence outweighs any probative value and such evidence would tend to confuse the issues and mislead the jury."

The state's trial memorandum argued for the admission of certain other-acts evidence. Specifically, it stated that, in September 2018, defendant was arrested for sexually abusing a different victim, C. The memorandum further

stated that defendant had entered a guilty plea to two counts of first-degree sexual abuse with regard to C; that C was the daughter of defendant's cousin; that defendant would "come around at night and sneak into [C's] room"; that defendant's abuse of C progressed from touching to "oral, anal, and sexual intercourse"; that defendant's abuse of C began when C was around 11 years old; and that defendant's abuse of C culminated in C giving birth to a child, which defendant "admitted that he was the father of."

The state argued defendant's prior conduct toward C was admissible "under OEC 404(3), 404(4) and *State v. Williams*[, 357 Or 1, 346 P3d 455 (2015)]."[1] With regard to OEC 404(3), under a heading titled "OEC 404(3) - Motive / Sexual Inclination," citing *Williams*, the state argued that "[e]vidence of prior bad acts may be admissible to demonstrate a motive such as defendant's sexual inclination towards a particular victim, including minor children." In the state's view, "[d]efendant's prior sexual contact and convictions demonstrate defendant's sexual inclination towards young children and therefore a motive to act upon that sexual inclination." Additionally, the state argued that defendant's prior conduct "shows that defendant's touching [B] on the breasts[] was not a mistake or accident but in fact had a sexual purpose."

With respect to OEC 404(4), under a heading titled "OEC 404(4) Analysis," the state argued,

> "Should the court find that 404(3) does not apply, the court should then assess the merits under [OEC] 404(4). Pursuant to *Williams* the Court must first determine relevancy and if relevant, engage in a balancing test under 403. The fact that defendant previously exhibited sexual interest in similar victims is logically relevant to that issue. A jury could infer from this evidence that defendant had a sexual interest in children generally, and it could take that interest into account when determining if defendant acted on that interest with regard to the charged offenses."

---

[1] The state's trial memorandum also sought a ruling concerning the admission of two other categories of other-acts evidence—*viz.*, evidence concerning potential uncharged conduct toward B and evidence concerning certain uncharged conduct toward a different minor, F. The trial court's rulings concerning that evidence are not at issue in this appeal.

Finally, in its conclusion, the state argued that "case law supports OEC 403 admissibility of even highly prejudicial prior act evidence where such evidence is relevant to some non-propensity purpose."

At a pretrial hearing, the state referred to defendant's conduct toward C as "*Williams* evidence," and argued that the defendant's conduct was admissible under OEC "404(3) as evidence showing [defendant's] motive and \*\*\* [that] he was actually doing the sexual touching for a sexual purpose." The state also argued that, if the court was not "inclined to find under [OEC] 404(3)," alternatively, the evidence was admissible under OEC 404(4).

At the pretrial hearing, defendant responded that the evidence regarding C was irrelevant and, in any event, was inadmissible under OEC 403.

The trial court ruled:

> "[T]he evidence of the abuse [of C by defendant] is undeniable. He had a child born as a result of the type of conduct that's alleged \*\*\*. The State has an obvious need for it. I recognize that there's a fair amount of prejudice in terms of the impact the evidence is likely to have on the jury, but I don't think it's going to distract them from their ability to focus on the conduct that's alleged here.

> "In other words, I'm not concerned that they're going to convict him of this absent evidence that he committed the alleged offense here because of prior incidences. I think the jury should be relatively sophisticated in that regard.

> "So on a 403 balancing test, I think the probative value exceeds the prejudicial effect. *And I think there is a non-propensity need for the State to have this evidence in*. So unless either side wants me to get into the 404 area, I don't think I need to."

(Emphasis added.)

At defendant's trial, B testified that, among other conduct, defendant had touched her breasts while she was sleeping at his house. C testified that she was related to defendant; that defendant started inappropriately touching C when she was 11 or 12 years old; and that C had a child with defendant when she was 15 years old.

During closing arguments, the prosecutor argued that the jury should consider C's testimony in determining defendant's intent with regard to B, that the jury should "weigh in the [C] information and decide does [defendant] have a sexual attraction to kids," and that defendant's conduct toward C "started in similar circumstances" to the conduct toward B.

The jury returned a guilty verdict of first-degree sexual abuse, and the trial court entered a judgment of conviction. Defendant now appeals.

## ANALYSIS

As necessary context for the parties' arguments, we provide a brief overview of the relevant legal setting.

"Relevant evidence is generally admissible." *State v. Levasseur*, 309 Or App 745, 751, 483 P3d 1167, *clarified and adh'd on recons*, 312 Or App 733, 489 P3d 630 (2021) (citing OEC 402). OEC 404(3) and OEC 404(4) concern the admissibility of other-acts evidence. OEC 404(3) provides:

> "Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

"'Character'" for purposes of evidence law "'means a person's disposition or propensity to engage or not to engage in certain types of behavior.'" *State v. Skillicorn*, 367 Or 464, 475-76, 479 P3d 254 (2021) (quoting Laird C. Kirkpatrick, *Oregon Evidence* § 404.03, 213 (7th ed 2020)). Thus, "OEC 404(3) bars the use of other-acts evidence 'to prove that a person has a propensity to engage in certain types of behavior and that the person acted in conformance with that propensity on a particular occasion.'" *Levasseur*, 309 Or App at 752 (quoting *Skillicorn*, 367 Or at 476). "Other acts evidence is not admissible under OEC 404(3) under *** any *** theory of relevance[] to allow a party to argue propensity." *Id.* at 752-53. Put another way, propensity evidence is "barred by OEC 404(3), even if the proponent asserts that it is being

offered to prove, for example, 'intent' or 'absence of mistake or accident.'" *Skillicorn*, 367 Or at 483 (quoting OEC 404(3)).

"When other-acts evidence is offered under OEC 404(3), the proponent must articulate a theory of relevance that does not logically 'depend on propensity reasoning.'" *Levasseur*, 309 Or App at 753 (quoting *Skillicorn*, 367 Or at 483; brackets omitted). "If the theory connecting the uncharged misconduct to the fact or inference it is offered to prove relates to defendant's character or propensities, it is not admissible under OEC 404(3)." *Id.*

Notwithstanding OEC 404(3), "[i]n criminal cases, OEC 404(4) makes other acts evidence *admissible* to prove a defendant's character, subject to specified rules of evidence and the state and federal constitutions."[2] *State v. Baughman*, 361 Or 386, 403-04, 393 P3d 1132 (2017) (emphasis in original). That is because, although "OEC 404(3) bars propensity evidence, * * * OEC 404(3) has been superseded by OEC 404(4) in criminal cases, except as otherwise provided by the state or federal constitutions." *Skillicorn*, 367 Or at 476 n 2.

When a trial court rules that other-acts evidence is relevant and admissible under either OEC 404(3) or OEC 404(4), the trial court "must conduct balancing under OEC 403, according to the terms of that rule, to determine whether the probative value of the evidence is substantially outweighed by the risk of unfair prejudice."[3] *State v. Mazziotti*, 361 Or 370, 374, 393 P3d 235 (2017).

---

[2] OEC 404(4) provides:

"In criminal actions, evidence of other crimes, wrongs or acts by the defendant is admissible if relevant except as otherwise provided by:

"(a) ORS 40.180, 40.185, 40.190, 40.195, 40.200, 40.205, 40.210 and, to the extent required by the United States Constitution or the Oregon Constitution, ORS 40.160;

"(b) The rules of evidence relating to privilege and hearsay;

"(c) The Oregon Constitution; and

"(d) The United States Constitution."

[3] OEC 403 provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

In *Baughman*, 361 Or at 403, the Supreme Court "review[ed] the analytical framework that a trial court should use to assess the admissibility of other acts evidence." Under that framework,

> "When a party objects to the admission of other acts evidence, a trial court first should determine whether the proffered evidence is relevant for one or more nonpropensity purposes under OEC 404(3). If it is, then the court should determine, at step two, whether the probative value of that evidence is substantially outweighed by the danger of unfair prejudice under OEC 403. If the trial court determines that the evidence is relevant for a nonpropensity purpose under OEC 404(3) and admissible under OEC 403, then it need not determine whether the evidence also is admissible under OEC 404(4) and OEC 403. However, if a trial court determines that proffered evidence is not relevant for a nonpropensity purpose, then it must determine whether that evidence nevertheless is otherwise relevant under OEC 404(4) and, at step two, whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, under OEC 403."

*Id.* at 404-05. The court went on to explain,

> "A trial court's decision, at step one, about whether other acts evidence is relevant for a nonpropensity purpose, will have a significant effect on whether the trial court admits that evidence at step two. At one end of the spectrum, other acts evidence that is relevant for a nonpropensity purpose under OEC 404(3) generally will be admissible under OEC 403 as long as the particular facts of the case do not demonstrate a risk of unfair prejudice that substantially outweighs the probative value of the evidence. At the other end of the spectrum, when evidence is relevant only to prove a defendant's character, more significant due process concerns are implicated, and, generally, the danger of unfair prejudice will substantially outweigh the probative value of the evidence."

*Id.* at 405 (internal citation omitted).

Under *Baughman*, it is error for a trial court to admit other-acts evidence under OEC 404(3) when that other-acts evidence is not relevant for a nonpropensity purpose. *See Levasseur*, 309 Or App at 753 ("The state's theory

of admissibility required the jury to infer from defendant's prior crimes that he has a propensity to assault women for sexual purposes, and that he acted in conformity with that propensity in this case. *** Defendant's prior crimes and convictions are not admissible under OEC 404(3) under the state's theory of relevance—to show sexual purpose."); *see also Baughman*, 361 Or at 410 ("In this case, the trial court erred in admitting the evidence of defendant's abuse of A for what it considered to be three nonpropensity purposes.").

With that legal context in mind, we turn to the parties' arguments. On appeal, defendant argues that "purported evidence of 'sexual purpose' drawn from prior acts with unrelated victims," *i.e.*, evidence of defendant's conduct with regard to C, "is merely propensity evidence." In defendant's view, that is so because an "inference that a defendant who has been attracted to children in the past must therefore have had a sexual purpose in conduct with a particular child on a subsequent occasion is based entirely on propensity—the inference cannot be logically drawn unless it is assumed that defendant acted on his propensity in both instances." Thus, defendant argues, "contrary to the trial court's finding in this case, the sexual purpose evidence"—that is, the evidence of defendant's conduct with regard to C—"was propensity evidence [because] its only logical basis for relevance required an inference of sexual purpose based on defendant's alleged propensity." Consequently, in defendant's view, "[t]he trial court erred in concluding *** that the evidence was not propensity evidence under *Baughman*'s first step, and reversal is required."

In response, the state acknowledges that defendant's abuse of C was "propensity evidence," in the sense that "it was offered to support an intermediate inference that defendant had a sexual interest in children, which in turn was relevant to the jury's determination whether he possessed the requisite culpable mental state for the charged offense." However, pointing to various aspects of its argument in the trial court as support, including its reliance on *Williams*, the state contends that "[t]he court implicitly concluded that, under OEC 404(4), the evidence was relevant and admissible

propensity evidence." Thus, in the state's view, "[t]he trial court correctly admitted the evidence under OEC 404(4) as relevant to proving that defendant had the requisite culpable mental state for the charged offense."

Having described the parties' arguments, one point regarding the state's argument on appeal bears highlighting: Although the state argued in the trial court that the evidence regarding C was admissible under either OEC 404(3) *or* OEC 404(4), on appeal it takes the position that the evidence regarding C is "propensity evidence," and it does not contend such evidence would be admissible under OEC 404(3). Instead, in arguing the evidence regarding C was admissible other-acts evidence under OEC 404, on appeal the state relies solely on OEC 404(4).

To start our analysis, we note that we agree with the position taken by both parties on appeal that the other-acts evidence concerning defendant's conduct toward C was "propensity evidence." *See, e.g.*, *Levasseur*, 309 Or App at 753 ("The state's theory of admissibility required the jury to infer from defendant's prior crimes that he has a propensity to assault women for sexual purposes, and that he acted in conformity with that propensity in this case. That is propensity-based reasoning."). Therefore, to the extent such evidence was admissible, it was admissible as propensity evidence under OEC 404(4), not nonpropensity evidence under OEC 404(3).

We also understand, however, contrary to the state's view, that the trial court admitted the evidence regarding C under OEC 404(3) as *non*propensity evidence. In our view, in context, that is the only plausible understanding of the trial court's statement that there was a "non-propensity need" for the state to present such evidence. That understanding is reinforced by the state's arguments to the trial court—both in its briefing and at the pretrial hearing—that the evidence regarding defendant's conduct toward C was admissible under OEC 404(3) to demonstrate, among other things, defendant's motive.

Having determined that the evidence regarding defendant's conduct toward C was admitted by the trial court under OEC 404(3), we conclude that the trial court

erred. *See Baughman*, 361 Or at 406 ("An appellate court reviews a trial court's determination of whether proffered other acts evidence is relevant for a nonpropensity purpose under OEC 404(3) for errors of law."). As set forth above, we agree with the parties that the other-acts evidence concerning defendant's conduct toward C was "propensity evidence." And, as noted above, it is error for a trial court to admit propensity evidence under OEC 404(3). *Skillicorn*, 367 Or at 482-83.

In contending that we should reach a contrary conclusion regarding the trial court's ruling in this case, as noted above, the state argues that the trial court "implicitly" concluded that the evidence was relevant and admissible propensity evidence under OEC 404(4). As support for that argument, the state points to its reliance on *Williams* in the trial court and its use of the phrase "*Williams* evidence" to describe defendant's conduct regarding C.

In *Williams*, the Supreme Court concluded that "the legislature intended OEC 404(4) to supersede OEC 404(3) in criminal cases, except, of course, as otherwise provided by the state or federal constitutions," and that in cases involving charges of child sexual abuse, "'other acts' evidence to prove character and propensity" may be admissible under OEC 404(4), depending on "whether the risk of unfair prejudice outweighs the probative value of the evidence under OEC 403." 357 Or at 15, 20; *see also Skillicorn*, 367 Or at 476 n 2 (so stating).

The challenge with the state's argument is that, as described above, in its trial memorandum, the state relied on *Williams* in its discussion of *both* why the evidence regarding C was admissible under OEC 404(3) and its discussion of why the evidence regarding C was admissible under OEC 404(4). And at the pretrial hearing, although the state referred to evidence regarding defendant's conduct *vis-à-vis* C as "*Williams* evidence," it went on to argue that such evidence was admissible under *both* OEC 404(3) and OEC 404(4). Thus, the state's reliance on *Williams* and reference to "*Williams* evidence" in the trial court does not suggest to us that the trial court admitted the evidence regarding C "implicitly" under OEC 404(4), as the state contends;

the state relied on *Williams* in the trial court when discussing both OEC 404(3) and OEC 404(4).

The state also argues that the trial court's reference to the state's "non-propensity need" for the evidence regarding C "does not indicate that it mistook propensity evidence for nonpropensity evidence." The state posits that "[t]here is no dispute that the trial court understood that the state was offering the other-acts evidence concerning defendant's abuse of C to prove defendant's peculiar sexual interest and, in turn, his sexual purpose when he touched [B]." The state contends that the trial court's reference to a "non-propensity need" for the evidence "employed the 'non-propensity purpose' label used in *Baughman* to describe the purpose underlying other-acts evidence offered to prove culpable mental state (called 'intent' in *Baughman*)." The state argues that "the kind of propensity evidence at issue in this case is not prohibited by the traditional propensity rule, which forbids other-acts evidence offered for no purpose other than to show a defendant's general bad or evil character."

As we understand it, the state's argument is that, even though the evidence regarding C was "propensity" evidence, it was offered for a "nonpropensity purpose"—*i.e.*, to prove a culpable mental state—and was therefore admissible under OEC 404(4) and OEC 403, and that that is what the trial court was communicating when it referenced the state having a "non-propensity need" for the evidence concerning defendant's conduct regarding C.

We think that argument is untenable. The evidence regarding C was offered to prove that defendant has a propensity to engage in certain types of conduct and that defendant acted in conformance with that propensity when engaging in conduct *vis-à-vis* B. The evidence regarding C was propensity evidence because "the state's theory of relevance involved propensity reasoning." *Skillicorn*, 367 Or at 484. It was thus offered for a propensity purpose, notwithstanding the label given to it by the state. *See State v. Tinoco-Camarena*, 311 Or App 295, 304, 489 P3d 572 (2021) ("[W]hen admitting evidence under a motive theory of relevance, courts must be on guard to prevent the motive label

from being used to smuggle such forbidden evidence of propensity to the jury." (Internal quotation marks omitted.)).[4]

Having determined that the other-acts evidence concerning defendant's conduct toward C was propensity evidence, and that the trial court admitted the evidence as nonpropensity evidence under OEC 404(3), we conclude that the trial court erred.

On appeal, defendant further argues that the trial court's error was not harmless. The state does not address harmlessness. We agree with defendant that the error in this case was not harmless. *Baughman*, 361 Or at 407 ("We cannot conclude that 'there is little likelihood' that the evidence that defendant not only sexually abused B, but also abused A, affected the jury's verdict.").

Therefore, we reverse and remand. On remand, we leave it to the trial court to determine "whether, after conducting a correct analysis under OEC 404 and OEC 403, other acts evidence should again be received and whether a new trial is required or appropriate." *Baughman*, 361 Or at 410.

Reversed and remanded.

---

[4] To be sure, assuming the evidence regarding C is relevant under OEC 404(4), it may perhaps be admissible after appropriate balancing under OEC 403, but that is an issue for the trial court to decide in the first instance. That the evidence regarding C may be highly probative regarding whether defendant acted with a culpable mental state, as we understand the state to argue, is part of that necessary OEC 403 balancing that the trial court must undertake. *See* OEC 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice ***.").