Argued and submitted December 15, 2020, reversed and remanded
May 25, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NICKY LANE NOLEN,
*Defendant-Appellant.*

Washington County Circuit Court
18CR02816; A170062

511 P3d 1110

Defendant appeals from a judgment of conviction for eight counts of first-degree sexual abuse, and one count of first-degree sodomy. Defendant argues that the trial court erred by admitting various other acts evidence under OEC 404(3) for the nonpropensity purpose of demonstrating sexual purpose. *Held*: The trial court erred in admitting the other acts evidence under OEC 404(3) because the state's theory of relevance required the jury to use propensity-based reasoning. The erroneous admission of that evidence likely affected the verdict and therefore was not harmless.

Reversed and remanded.

Oscar Garcia, Judge.

David O. Ferry, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Philip Thoennes, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Mooney, Presiding Judge, and Egan, Judge, and Pagán, Judge.*

EGAN, J.

Reversed and remanded.

_____
 * Egan, J., *vice* DeVore, S. J.; Pagán, J., *vice* DeHoog, J. pro tempore.

**EGAN, J.**

Defendant appeals from a judgment of conviction for eight counts of first-degree sexual abuse, and one count of first-degree sodomy for alleged conduct involving his granddaughter, K, a minor child. [1] On appeal, he raises four assignments of error. We reject his fourth assignment without discussion and write to address his first three assignments in which he contends that the trial court erred by admitting certain prior bad acts evidence under OEC 404(3) and OEC 403. Specifically, he argues that the court erred in admitting (1) testimonial evidence regarding defendant's sexual abuse of his stepdaughter, T; (2) defendant's prior convictions for second-degree rape and second-degree sexual abuse of T; and (3) evidence of defendant's prior abuse of his daughter, C. In defendant's view, the court erred in concluding that the evidence was relevant for a nonpropensity purpose of demonstrating that defendant had a sexual purpose during the alleged conduct. For the reasons explained below, we agree with defendant, and, accordingly, we reverse and remand.

The relevant facts to our analysis are undisputed. In January 2019, nine-year-old K reported to her father, defendant's son, and her mother, that defendant had touched her in her "private area" on multiple occasions. Police were contacted, and K was taken to foster care. Police accompanied K to CARES, where she again repeated the same statements to CARES employees. Following the investigation, the state indicted defendant for multiple sex crimes regarding K.

Before trial, the state filed a motion *in limine* seeking to admit evidence under OEC 404(4)[2] of prior sexual abuse involving children that was committed by defendant.

---

[1] Defendant was acquitted on one charge of first-degree unlawful sexual penetration.

[2] OEC 404(4) provides that:

"In criminal actions, evidence of other crimes, wrongs or acts by the defendant is admissible if relevant except as otherwise provided by:

"(a) ORS 40.180, 40.185, 40.190, 40.195, 40.200, 40.205, 40.210 and, to the extent required by the United States Constitution or the Oregon Constitution, ORS 40.160;

"(b) The rules of evidence relating to privilege and hearsay;

"(c) The Oregon Constitution; and

"(d) The United States Constitution."

Defendant, in response, filed a motion *in limine* to exclude that evidence as either speculative, or, in the alternative, as inadmissible prior bad acts evidence.

The court held a pretrial hearing, at which the parties presented arguments about the admissibility of the prior bad acts evidence. The state sought to offer the other acts evidence regarding T and C to "show [defendant's] sexual purpose in touching [K.]" As relevant to T, the state sought to admit defendant's previous guilty plea in 2004 to second-degree rape and second-degree sexual abuse for misconduct that began when T was around nine years old. The state also sought to admit the testimony of T regarding the sexual misconduct.

The evidence that the state sought to admit concerning C was testimony from C regarding alleged sexual misconduct by defendant that occurred when C was in the second to fifth grade. Defendant was not convicted of any charges related to C; the charges had been dropped as part of plea negotiations. The state explained that C would testify that she was abused by the defendant in a similar manner as K when she was in the second to the fifth grade.

During the hearing, the state argued that the evidence was not being offered for a propensity purpose under OEC 404(4)—although the state did assert that propensity evidence is admissible in child sexual abuse cases—but that the state was offering the evidence for the nonpropensity purpose of demonstrating sexual purpose under OEC 404(3).[3] The state argued that at trial they would have to prove that defendant not only touched K, but that when the touching occurred, it was done for a sexual purpose; as an element of first-degree sexual abuse pursuant to ORS 163.427,[4] which,

---

[3] OEC 404(3) provides that:

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purpose, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

[4] ORS 163.427 provides, in part, that:

"(1) A person commits the crime of sexual abuse in the first degree when that person:

"(a) subjects another person to sexual contact[.]"

the state argued, requires that "sexual contact" be established. Therefore, the state's theory of admissibility for the prior acts evidence was that the evidence demonstrated that defendant "is sexually aroused by children and that, when this touching happened, it was done for a sexual purpose and not by accident or for some other type of purpose." The state further argued that a limiting instruction would be sufficient to controvert the potential prejudice caused by the evidence and prevent the jury from using the other acts evidence as propensity evidence.

Defendant opposed the admission of the other acts evidence, arguing that it was irrelevant and should not be admitted under OEC 401. Defendant then argued that, even if the other acts evidence was relevant, it would be improper to admit it as nonpropensity evidence under OEC 404(3). Defendant argued, relying on *State v. Williams*, 357 Or 1, 346 P3d 455 (2015), that the other acts evidence was propensity evidence that should not be admitted under OEC 404(3) because it had "little to no cognizable probative value," and that the risk that the jury may conclude "that the defendant acted in accordance with [the] past acts on the occasion of the charged crime will be substantial." Lastly, defendant argued that the other acts evidence was unduly prejudicial under OEC 403 because of the high likelihood that the jury would use the evidence as propensity evidence.

The trial court concluded that the other acts evidence was highly relevant, meeting the requirements of OEC 401, and that it was appropriate to admit it under OEC 404(3) for the purpose of demonstrating that defendant acted with a sexual purpose during the alleged touching of the victim. The court explained that the other acts evidence had high probative value because it was "highly relevant" to prove "the nature of the conduct" alleged. Further, the court explained that any potential prejudicial danger that the jury will misuse the other acts evidence will be addressed by the use of a limiting instruction provided to the jury before the evidence is presented and again before closing arguments.

At trial, the state presented T's testimony and defendant's conviction relating to the sexual abuse of T, as well as

the testimony of C relating to the charged but not convicted sexual abuse of C. The state argued that the other acts evidence demonstrated defendant's sexual purpose during the alleged touching of the victim in the instant case. A limiting instruction was given to the jury before the presentation of the other acts evidence and before closing arguments.[5] The jury returned guilty verdicts on all but one of the charged counts, and the trial court entered a judgment of conviction. This timely appeal followed.

On appeal, defendant argues that the other acts evidence required the jury to use propensity-based reasoning to infer sexual purpose and therefore the trial court erred by admitting the other acts evidence under OEC 404(3). We review the trial court's decision to admit other acts evidence for errors of law. *State v. Levasseur*, 309 Or App 745, 747, 483 P3d 1167, *adh'd to as clarified on recons*, 312 Or App 733, 489 P3d 630 (2021).

Since the trial court ruled on the motion, we have considered the issue of whether it is proper to admit evidence of a defendant's prior crimes and convictions under OEC 404(3) to show sexual purpose.

OEC 404(3) concerns the admissibility of other acts evidence and bars "the use of other-acts evidence 'to prove that a person has a propensity to engage in certain types of behavior and that the person acted in conformance with that propensity on a particular occasion.'" *State v. Martinez*, 315 Or App 48, 52-54, 499 P3d 856 (2021). OEC 404(3) bars propensity based other acts evidence because other acts evidence is not admissible to prove the "character" of a person. "Character" for evidence law purposes "means a person's disposition or propensity to engage or not to engage in certain types of behavior." *Id*. at 52.

---

[5] The limiting instruction provided that:

"You may consider the evidence from the testimony of [T], [C] and the Convictions for Rape in the Second Degree and Sexual Abuse in the Second Degree that has been received only to determine if [defendant] acted with a sexual purpose in the Sexual Abuse in the First Degree counts. You may not use this evidence to determine whether [defendant] committed these acts. You must find from the evidence that the alleged acts occurred beyond a reasonable doubt before you may consider the evidence of sexual purpose."

When offering evidence under OEC 404(3), "the proponent must articulate a theory of relevance that does not logically 'depend on propensity reasoning.'" *Id*. at 53 (citing *Levasseur*, 309 Or App at 753). That requires the proponent to identify the logical path that it will be asking the factfinder to follow, and if any step requires propensity-based reasoning, it is not admissible under OEC 404(3). *State v. Skillicorn*, 367 Or 464, 482, 479 P3d 254 (2021). Meaning that, if any step of any theory of relevance brought forth by a party "allow[s] a party to argue propensity," then that other acts evidence is not admissible under OEC 404(3). *Levasseur*, 309 Or App at 752-53. "To the extent that propensity evidence is admissible, it is under OEC 404(4)[.]" *Id*. at 753.

Turning to the parties' arguments on appeal, the state's theory of admissibility under OEC 404(3) is that evidence that defendant had previously been convicted or accused of sexually abusing other children close in age to K, provides nonpropensity evidence that, when defendant allegedly assaulted K, he did so with a sexual purpose.[6] *See Levasseur*, 309 Or App at 753. The state argues that evidence of defendant's sexual purpose is admissible under a nonpropensity theory since the first-degree sexual abuse statute requires that sexual contact be established as an element. The trial court and the state presented jury instructions that the other acts evidence was conditionally admissible only if the jury had first found that defendant had assaulted K.

Defendant argued that the state's theory of admissibility necessarily implicates propensity-based reasoning because it requires an inference that defendant, who had been attracted to children in the past, must therefore have

---

[6] Although the state's pretrial motion *in limine* initially offered the other acts evidence under OEC 404(4), the state instead argued, during the pretrial hearing, that the other acts evidence was admissible under OEC 404(3) for a nonpropensity purpose of demonstrating sexual purpose. The trial court did not address whether the other acts evidence was admissible under OEC 404(4) for propensity purposes because it concluded that the evidence was admissible under OEC 404(3) for nonpropensity purposes. The state thus argued below, and again on appeal, that the other acts evidence in this case was indeed admissible under both OEC 404(3) and OEC 404(4). But the trial court reached its conclusion solely under OEC 404(3).

had a sexual purpose during subsequent alleged conduct. Defendant explains that such an inference boils down to an argument about defendant's character, *i.e.*, that when defendant touches a child in their "private areas" that he does so with a sexual purpose, rather than for another nonsexual purpose, based on his prior convictions and prior allegations against him.

Recently, in *Martinez*, we determined that the trial court erred by admitting other acts evidence demonstrating sexual purpose under OEC 404(3) because it required propensity-based reasoning. 315 Or App at 56. That case did not require that we determine whether the sexual purpose admission of the evidence relied on propensity-based reasoning because the state conceded that the evidence was in fact propensity evidence. However, the state argued that the evidence had been implicitly admitted by the court under OEC 404(4). *Id*. We agreed with the state that, under the facts of that case, the other acts evidence of sexual purpose did require propensity-based reasoning, but we concluded that the trial court had admitted the evidence under OEC 404(3) and as such erred.

Similarly, in *Levasseur*, we addressed whether other acts evidence consisting of the defendant's prior crimes, where the defendant had attacked his victims in "remarkably similar circumstances," to demonstrate sexual purpose, required propensity-based reasoning. 309 Or App at 753.[7] We determined that, under the facts of that case, the theory of admissibility brought forth by the state necessarily required the jury to infer that the defendant had a propensity to assault women for sexual purposes. *Id*. The state's theory of admissibility in *Levasseur* was that

> "because defendant attacked his victims in the two prior incidents under remarkably similar circumstances, it is more likely that, when he assaulted S in this case, he did so with a sexual purpose. We are mindful of the state's theory, and the court's instruction, that the evidence was conditionally admissible only if the jury found that defendant had assaulted S. Nevertheless, that theory fundamentally

---

[7] Although *Levasseur* was not a child sexual abuse case, as the victim in that case was an adult, the case is nevertheless instructive on our conclusion. *Id*. at 747.

relied on propensity-based reasoning. It ultimately reduced to an argument about defendant's character: that, when defendant isolates and attempts to grab women, he does so in order to sexually assault them—rather than to simply assault or rob them, or to commit other, nonsexual crimes. The state's theory of admissibility required the jury to infer from defendant's prior crimes that he has a propensity to assault women for sexual purposes, and that he acted in conformity with that propensity in this case. That is propensity-based reasoning."

*Id.*

Similarly, here, the state's theory of relevance is that defendant acted in conformance with his prior convictions and prior allegations during the alleged conduct with K, and that therefore defendant must have had a sexual purpose based on those prior convictions and actions. Even when the state argues that the other acts evidence was brought forth to prove an element, their theory of admissibility required propensity-based reasoning because it ultimately was based on defendant's character. *See id.* (the state's theory fundamentally relied on propensity-based reasoning and ultimately reduced to an argument about defendant's character). The state's theory of relevance required the jury to infer that because defendant had previously been convicted of, and accused of, sexual abuse consisting of similar conduct, that when defendant allegedly touched K in this present case, he did so with a sexual purpose.

As stated in *Levasseur* and *Martinez*, admitting evidence that requires the jury to use propensity-based reasoning is not admissible under OEC 404(3) and is only admissible under OEC 404(4). Therefore, we agree with defendant that the trial court erred when it admitted the other acts evidence as nonpropensity evidence under OEC 404(3) based on the facts of this case.

To the extent that the state is arguing that we should affirm on an alternate basis,[8] we reject that argument because as stated in *Martinez*, "[a] trial court's decision

_____

[8] As we understand the state's argument, it asks us to affirm on the alternative basis that OEC 403 balancing was correctly administered regardless of whether the other acts evidence was admitted under OEC 404(4) or 404(3).

* * * about whether other acts evidence is relevant for a non-propensity purpose, will have a significant effect on whether the trial court admits that evidence" under OEC 403. 315 Or App at 54.

Defendant argues that the trial court's error was not harmless as the other acts evidence from T and C likely affected the verdict. The state does not address harmlessness. We agree with defendant that the error was not harmless, as we cannot conclude that "there is little likelihood that the evidence that defendant" not only sexually abused T, but also abused C, affected the jury's verdict. *See Martinez*, 315 Or App at 59 (citing *State v. Baughman*, 361 Or 386, 407, 393 P3d 1132 (2017)).

As such, we reverse and remand. "On remand, we leave it to the trial court to determine 'whether, after conducting a correct analysis under OEC 404 and 403, other acts evidence should again be received and whether a new trial is required or appropriate.'" *Id.* (quoting *Baughman*, 361 Or at 410).

Reversed and remanded.