496 October 29, 2025 No. 936

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROY ALLEN TRAVIS,
*Defendant-Appellant.*

Marion County Circuit Court
18CR77934; A179715

Thomas M. Hart, Judge.

Argued and submitted June 12, 2024.

Sara F. Werboff, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Michael A. Casper, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Reversed and remanded.

**ORTEGA, P. J.**

This case is before us for a second time. A jury found defendant guilty of five counts of second-degree sexual abuse for his conduct against M when she was his minor stepdaughter, as well as first-degree rape, strangulation constituting domestic violence, fourth-degree assault constituting domestic violence, two counts of first-degree unlawful sexual penetration, and two counts of coercion for his conduct against M when she was his adult wife. On his first appeal, we held that the trial court erred in admitting, under OEC 404(3), evidence of defendant's prior conviction for first-degree rape of his teenaged biological daughter, S, because it was propensity evidence. *State v. Travis*, 320 Or App 460, 470, 513 P3d 614 (2022) (*Travis I*). We reversed and remanded for "the trial court to determine 'whether, after conducting a correct analysis under OEC 404 and OEC 403, other acts evidence should again be received and whether a new trial is required or appropriate.'" *Id.* at 472 (quoting *State v. Baughman*, 361 Or 386, 410, 393 P3d 1132 (2017)).

Defendant now assigns error to the trial court's ruling on remand to again receive the other-acts evidence, this time under OEC 404(4) and after conducting OEC 403 balancing. He also assigns error to the trial court's ruling denying him a new trial and reinstating the judgment of conviction. We conclude that the trial court abused its discretion in again receiving the other-acts evidence to establish defendant's sexual interest in children because it was offered to ultimately establish defendant's propensity to commit child sexual abuse. We therefore reverse and remand for a new trial and need not address defendant's second assignment of error.

## HISTORICAL AND PROCEDURAL FACTS

In 1992, defendant pleaded guilty to first-degree rape of his 15-year-old daughter, S. He was sentenced to 20 years in prison. While incarcerated, he became romantically involved with M's mother and sent M letters expressing his fatherly love for her. In 2004, when M was 15 years old, defendant married M's mother, and they moved together to rural Mill City, where M had no friends or social connections

and felt "very isolated." When M was 18, her mother died of a terminal disease. When M was 20, she and defendant married.

In 2018, when M was 29, she reported to a co-worker that defendant had been violent with her, and her co-worker encouraged her to leave him. M did so, obtained a restraining order against defendant, and later reported to police that defendant had sexually abused her when she was a minor and had physically and sexually abused her during their marriage.

The state charged defendant with five counts of second-degree sexual abuse, ORS 163.425, for subjecting M to sexual and oral sexual intercourse when she was a minor, as well as first-degree rape, ORS 163.375, strangulation constituting domestic violence, ORS 163.187, fourth-degree assault constituting domestic violence, ORS 163.160, two counts of first-degree unlawful sexual penetration, ORS 163.411, and two counts of coercion, ORS 163.275, for his abusive conduct against M during their marriage.

The state moved pretrial to admit other-acts evidence of defendant's prior sexual abuse of S and his statements regarding his sexual attraction to children. The state sought admission of the evidence under OEC 404(3) "to prove [] defendant's sexual motive in offending the child victim in the current case," and under OEC 404(4) and *State v. Williams*, 357 Or 1, 346 P3d 455 (2015), to prove defendant's "sexual attraction to children," his "propensity to sexually abuse children as alleged in this case," and his "propensity to sexually offend this class of victim." At the hearing on the motion, the state proffered a certified copy of defendant's 1992 conviction for first-degree rape, including the charging instrument, to show that he pleaded guilty to having sexual intercourse with a biological child under the age of 16, and police reports from that case containing various statements by defendant and S.

The court granted the state's motion and admitted the evidence under OEC 404(3). First, the court observed that "appellate courts have found that prior abuse of different victims is a relevant factor, an admissible factor to show

that the defendant had a sexual intent in the defendant's behavior," and it concluded that "the alleged sexual intent of [ ] defendant is relevant to the issue of whether or not in this situation this type of behavior was with a motive or plan to have sexual intercourse with a child," particularly given the similarity in defendant's behavior and the class of victims between the prior and charged acts. Turning to OEC 403 balancing, the court further concluded that the other-acts evidence was more probative than prejudicial because of the state's need for the evidence "based on the gap [between charges], the fact that there's no physical evidence available, *** the fact that the other witness [M's mother] who would *** have relevant testimony to talk about what did or did not happen unfortunately succumbed to an illness," and because the court could instruct the jury that "the evidence of prior sex abuse of a daughter is not proof that the defendant sexually abused this daughter; it only goes to the motive, intent, plan, knowledge[.]"

On the first day of trial, the state offered three letters defendant wrote from prison to M when she was 13 to 15 years old as "evidence of [ ] defendant's plan or scheme with regard to offending the victim in this case." The court admitted the letters "consistent with the [c]ourt's previous ruling regarding prior bad acts" over defendant's objection and renewed objection to the court's prior ruling. Defendant then objected to S testifying in the state's case-in-chief and argued that he could stipulate to his prior conviction, which "would be curing the prejudicial aspect that we're seeing here." The court ruled that S's testimony "is more probative than it is prejudicial, with the [c]ourt's willingness to give a curative instruction."

At trial, M testified that defendant began touching her inappropriately shortly after they moved to Mill City. M further testified that when she was 16 and 17 years old, defendant had subjected her to sexual intercourse approximately 30 times and subjected her to oral sex more than once. According to M, after her mother died defendant persuaded her to marry him to make their sexual relationship "right in the eyes of God," and defendant then became more

controlling and abused M physically, sexually, verbally, and emotionally for several years.

S also testified at trial. S acknowledged that she is defendant's biological daughter, that defendant sexually penetrated her when she was 15 years old, and that she is the named victim of defendant's 1992 first-degree rape conviction. After closing arguments, the court instructed the jury that the other-acts evidence was admitted only for the limited purpose "of deciding whether the defendant had a particular motive, purpose, plan, or sexual interest in children."[1]

As noted, in defendant's first appeal, we held that the trial court erred in admitting, under OEC 404(3), evidence of defendant's prior rape of his biological daughter, because that evidence was propensity evidence, and we reversed and remanded for the trial court to reconsider its ruling under the correct legal framework. *Travis I*, 320 Or App at 470-72.

On remand before a different judge, the state relied on its previously filed briefing arguing that defendant's prior rape of S was relevant and admissible to establish his "character for sexual interest in children" under OEC 404(4) and *Williams*, and that the evidence withstood OEC 403 balancing. The state asked the court to conclude that the other-acts evidence should have been received under OEC

---

[1] The court's limiting instruction provided, in full:

"Defendant's prior conviction and other bad acts. You have heard testimony that the defendant was previously convicted of the crime of rape in the first degree. This evidence of other acts was admitted only for a limited person—purpose. You may only consider this evidence for the purpose of deciding whether the defendant had a particular motive, purpose, plan, or sexual interest in children. You may not consider this evidence for any other purpose. Of course it is for you to determine whether you believe this evidence and, if you believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

"The defendant is not on trial for committing any prior acts. You may not consider the evidence of prior acts as a substitute for proof that the defendant committed the crimes charged in this case. Specifically, you may not base your verdict in this case solely on the evidence of [d]efendant's prior acts. Remember the defendant is on trial here only on this case, not for any prior acts. Do not return a guilty verdict unless the [s]tate has proven the crimes charged beyond a reasonable doubt."

404(4) and OEC 403, that a new trial was neither required nor appropriate, and that the court should reinstate the previous judgment of conviction.

Relying on the appellate brief filed in his first appeal, defendant argued that "mere propensity evidence is presumptively not coming in because it has low probative value and an extremely prejudicial effect." Defendant further argued that the court should grant a new trial under *State v. Hightower*, 368 Or 378, 491 P3d 769 (2021).

The trial court ruled that the other-acts evidence relating to defendant's prior rape of his biological daughter was relevant and admissible under OEC 404(4), that its probative value was not substantially outweighed by the danger of unfair prejudice under OEC 403, and that a new trial was neither necessary nor appropriate:

> "THE COURT:   Under the analysis on 404(4) as non-propensity [*sic*] evidence, it would otherwise be admissible but subject to a balancing test and balancing the unfairly prejudicial evidence, which I don't really think it caused any delay or confusion amongst any of the jurors, this Court would admit that evidence as well. I am denying the remedy of a new trial, I know that you'll take an exception to that, it's clear that the [prior] judge was concerned enough about the admission of the evidence that the special jury instruction, which is attached as an exhibit to [the state's memorandum], was given to them specifically instructing the jury not to base their verdict on the 1992 incident but only on the facts that were before them today, the evidence was relevant, this Court would have viewed it both as non-propensity and propensity, but I stuck with the propensity analysis and I conclude after weighing it that it would be admissible and I will leave stand the jury's verdict and the sentence imposed, I guess I need to put—sign a new judgement."

Defendant timely appeals the reinstated judgment.

### LEGAL FRAMEWORK

OEC 404(4) provides that, "[i]n criminal actions, evidence of other crimes, wrongs or acts by the defendant" generally is admissible if it is relevant and withstands OEC

403 balancing.[2] Whereas OEC 404(3)[3] prohibits the use of other-acts evidence to show that the act is indicative of character—a person's disposition or propensity to engage in certain types of behavior—and that the person acted in conformity with that propensity during the events at issue at trial, *State v. Skillicorn*, 367 Or 464, 475-76, 479 P3d 254 (2021), OEC 404(4) "does not require the state to prove to the court that other acts evidence is offered for a purpose other than to prove character or that the relevance of that evidence does not rely on propensity reasoning," *State v. Davis*, 372 Or 618, 633, 533 P3d 1017 (2024).[4] Thus, "[p]ropensity evidence is admissible against a criminal defendant under OEC 404(4) if the evidence is relevant under OEC 401 and withstands OEC 403 balancing." *State v. Powers*, 341 Or App 728, 733, 574 P3d 975 (2024) (citing *Davis*, 372 Or at 634-35) (footnote omitted).[5]

---

[2] OEC 404(4) provides in full:

"In criminal actions, evidence of other crimes, wrongs or acts by the defendant is admissible if relevant except as otherwise provided by:

"(a) [Certain other rules of evidence] and, to the extent required by the United States Constitution or the Oregon Constitution, [OEC 403];

"(b) The rules of evidence relating to privilege and hearsay;

"(c) The Oregon Constitution; and

"(d) The United States Constitution."

[3] OEC 404(3) provides:

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

[4] OEC 404(3) also prohibits evidence that relies on propensity reasoning, meaning that the proponent's theory of relevance requires the factfinder to rely on an inference about the person's bad character and resultant propensity to commit certain acts at any link in the chain of logical relevance, not just the ultimate inference. *Davis*, 368 Or at 631 (discussing *State v. Jackson*, 368 Or 705, 717, 498 P3d 788 (2021)).

[5] We note that OEC 404(4)(a) and OEC 404(4)(d) provide two independent bases for excluding other-acts evidence: as an exercise of discretion after OEC 403 balancing according to its terms, and as a matter of law when the evidence would render a trial fundamentally unfair in violation of due process, respectively. *Baughman*, 361 Or at 402. Although *Williams* held that due process does not require exclusion of propensity evidence in child sexual abuse cases, it is still an open question with regard to other classes of criminal cases. *Baughman*, 361 Or at 403 n 8 ("We caution that this court has suggested, but not yet decided, that the federal constitution may, as a matter of law, prohibit the admission of other acts evidence to prove propensity in a criminal case in which the defendant is charged with crimes other than child sexual abuse." (Citing *Williams*, 357 Or at 17.)).

A court conducting OEC 403 balancing of OEC 404(4) other-acts evidence should consider where the evidence falls on a "spectrum depending on whether character reasoning in present and how it is used." *Davis*, 372 Or at 635-36. At one end of the spectrum, other-acts evidence that is offered for a nonpropensity purpose and does not rely on propensity reasoning generally will be admissible. *Id.* (citing *Williams*, 372 Or at 19-20). "At the other end of the spectrum, other-acts evidence that goes only to character—evidence whose probative value depends on propensity-based reasoning—with no permissible nonpropensity inferences the jury may draw from it, is generally excluded because such evidence 'generally will have little or no cognizable probative value.'" *Powers*, 341 Or App at 733-34 (quoting *Williams*, 372 Or at 19-20). The middle of the spectrum consists of evidence "where character reasoning may be implicit to *some degree*," or where the "factfinder could perceive the evidence as relying on character and action in conformity with character as its source of relevance to the trial" despite the proponent offering it for an ultimate noncharacter purpose. *Davis*, 372 Or at 636 (emphasis in original).

We have distilled the legal framework for admitting other-acts evidence under OEC 404(4) and OEC 403 set forth in *Davis* as follows:

> "First, the court should parse the other 'acts' into constituent parts, where possible, to aid in determining the degree of character present in the proponent's theory of relevancy. Second, the court should consider the probative value of each constitutent part of the evidence to determine whether its relevance relies on character reasoning expressly or by implication. Third, the court, in its discretion, may admit evidence that does not primarily or substantially derive its relevance from character-based propensity reasoning. Finally, whether a court acts within its permissible range of discretion to admit such evidence may depend on whether the court took action to mitigate any unfair prejudice, such as redacting inflammatory details, limiting the state's use of the evidence, and instructing the jury on how it may consider the evidence."

*State v. Roberto Martinez*, 335 Or App 643, 654-65, 559 P3d 907 (2024), *rev den*, 373 Or 713 (2025). Applying that

framework, we have held since *Davis* that other-acts evidence offered to establish a defendant's sexual interest in children to further establish the ultimate inference that the defendant acted with a sexual purpose may withstand OEC 403 balancing when sexual purpose is an element of the charged child sexual abuse offenses. *State v. Enrique Martinez*, 341 Or App 10, 16-17, 572 P3d 1081 (2025) ("We understand *Davis* and [*Roberto*] *Martinez*, read in conjunction with *Williams*, to permit evidence of a defendant's prior acts or interactions with children when offered to show that the defendant's alleged act in a child sexual abuse case, if true, was committed for a sexual purpose, subject to OEC 403 balancing.").

To be sure, other-acts evidence offered to establish a defendant's sexual interest in children is propensity evidence because it relies on an intermediate character inference. *State v. Cave*, 321 Or App 81, 86, 516 P3d 279 (2022) ("[I]f the state's theory of admissibility requires the factfinder to infer from [the] defendant's prior actions that he was more likely to have acted with the same purpose in the charged instance, that evidence is propensity evidence[.]"); *State v. Nolen*, 319 Or App 703, 710, 511 P3d 1110 (2022) (holding that sexual purpose evidence relies on propensity reasoning when the state's theory of relevance requires the jury to infer that the defendant's prior similar sexual abuse of a different victim proves that the defendant acted with a sexual purpose in the present case). However, we have consistently held that such propensity evidence may be admissible in a child sexual abuse prosecution under OEC 404(4) after OEC 403 balancing if it is highly probative of an element of the charged offenses and the court takes appropriate steps to mitigate the risk of unfair prejudice by excluding particularly inflammatory details and providing the jury with an appropriate limiting instruction. *State v. Estrada-Vargas*, 342 Or App 374, 377, ___ P3d ___ (2025); *Powers*, 341 Or App at 737-39; *State v. Champagne*, 341 Or App 343, 356, 573 P3d 412 (2025); *Enrique Martinez*, 341 Or App at 24. In such cases, the other-acts evidence falls in the middle of the *Williams* OEC 403 balancing spectrum because, although the "factfinder could perceive the evidence as relying on character and action in conformity with character as its

source of relevance to the trial," the proponent offers it for an ultimate noncharacter purpose. *Davis*, 372 Or at 636.

## ANALYSIS

Here, the state offered other-acts evidence of defendant's prior first-degree rape of his teenage biological daughter for two purposes: 1) to establish defendant's "sexual motive" for the charged child sexual abuse offenses, and 2) to establish defendant's "propensity to sexually abuse children as alleged in this case" and his "propensity to sexually offend this class of victim." We need not parse the other-acts evidence to determine the degree of character in the state's theory of relevancy because we conclude that, on its face, its probative value is primarily derived from character-based propensity reasoning under either theory. We therefore conclude that the trial court abused its discretion in again receiving the evidence.

We begin with the latter propensity theory. We understand it to be a "propensity-only" theory, because its relevance under OEC 401 relies on defendant's character (*i.e.*, his sexual interest in children) as an intermediate inference, to establish the ultimate inference that defendant acted in conformity with that interest on the charged occasions (*i.e.*, his propensity). *See Skillicorn*, 367 Or at 480-83 (discussing propensity reasoning, including intermediate and ultimate inferences, and explaining that "a trial court must determine the facts—intermediate and ultimate—that the proponent wants the factfinder to infer from the evidence"). To spell out the chain of logical reasoning for this "propensity-only" theory, evidence that defendant subjected his 15-year-old daughter to sexual intercourse shows that he has a sexual interest in (his) children; his sexual interest in (his) children establishes that he is more likely to have committed the charged sexual acts against M when she was a minor (and his step-child). Put another way, the fact that defendant previously sexually abused his 15-year-old daughter shows that he is a sexual abuser who targets teenaged daughters, which makes it more likely that he committed the charged sexual acts against M when she was his minor stepdaughter.

Other-acts evidence offered to establish the ultimate factual inference that the defendant acted in accordance with his sexual predisposition on the charged occasion falls on the far end of the OEC 403 balancing spectrum of evidence that "goes only to character and there are *no* permissible inferences the jury may draw from it." *Williams*, 357 Or at 19-20 (emphasis in original). "Such evidence generally will have little or no cognizable probative value, and the risk that the jury may conclude improperly that the defendant had acted in accordance with past acts on the occasion of the charged crime will be substantial." *Id.*[6] Thus, the state offered the other-acts evidence on a propensity-only theory of relevancy under OEC 404(4) as articulated *Williams*. However, while it is true that *Williams* identified that theory of relevancy under OEC 401, we do not understand *Williams* to have contemplated that theory of relevancy to withstand OEC 403 balancing, absent the state identifying *some* permissible noncharacter or nonpropensity inference the factfinder may draw from it. *See id.* at 7 (noting that the state had cited *Leavitt v. Arave*, 383 F3d 809, 829 (9th Cir 2004), *cert den*, 545 US 1105 (2005), "for the proposition that the admission of 'other acts' evidence renders the trial fundamentally unfair when that evidence 'goes only to character and there are *no* permissible inferences the jury may draw from it'" (emphasis in *Williams* and *Leavitt*)); *Davis*, 372 Or at 636 ("*Williams* described as classically 'impermissible' evidence that 'goes only to character,' where 'there are *no* permissible inferences the jury may draw from it.'" (Emphasis in *Davis* and *Williams*.). Indeed, *Williams* did not apply OEC 403 balancing to the evidence at issue in that case at all because the defendant had only challenged its admissibility on the basis of relevancy. 357 Or at 23 ("Defendant does not contend that the trial court erred

---

[6] Although the *Williams* court stated only that "it is *more likely* that the evidence [on that end of the spectrum] will be excluded" after OEC 403 balancing, 357 Or at 20 (emphasis added), it is difficult to imagine a scenario in which such evidence would withstand OEC 403 balancing, given the relative lack of cognizable probative value and the significant risk of unfair prejudice. For that reason, we have noted that "that theory of relevancy, in which other-acts evidence is offered to prove that the defendant *committed the act* charged in the offense, to be an impermissible propensity purpose" under OEC 404(4) even in child sexual abuse prosecutions. *Roberto Martinez*, 335 Or App at 656 n 8 (emphasis in original).

in its OEC 403 analysis, and we therefore do not consider that issue on review.").

Neither we nor the Supreme Court have held that other-acts evidence offered under OEC 404(4) simply to establish a defendant's sexual interest in children as the ultimate fact withstands OEC 403 balancing. Nor have we held that other-acts evidence offered to show a defendant's sexual interest in children as a step in the logical path to establishing that a defendant acted on that interest in committing the charged acts withstands OEC 403 balancing. We understand both of those theories of relevancy to fail under the OEC 403 balancing framework set forth in *Davis* because they fall on the far end of the spectrum first described in *Williams*. Such "propensity-only" evidence has little to no cognizable probative value, and there is a substantial risk of unfair prejudice because the evidence relies on an intermediate character inference and there are no ultimate permissible nonpropensity inferences that can be drawn from the evidence. *See Skillicorn*, 367 Or at 478-81 (discussing the "long-standing and fundamental prohibition against" propensity evidence because, among other reasons, it can "detract from the factfinder's ability to neutrally and thoroughly assess the evidence in the case," "undermine fundamental constitutional protections, including the presumption of innocence and the requirement that the prosecution prove the elements of each charged crime beyond a reasonable doubt," and "result in verdicts based on erroneous assumptions because factfinders may give more weight to the evidence than it deserves" and "may misuse the evidence by overvaluing its persuasiveness" (internal quotations omitted)). To the contrary, our case law has identified that risk of unfair prejudice—that the jury will use the other-acts to find that the defendant committed the charged act—as precisely what the trial court should take steps to mitigate through redacting inflammatory details, limiting the state's use of the evidence to a permissible noncharacter or nonpropensity purpose, and properly instructing the jury on how it may consider the evidence.

We now turn to the state's "sexual motive" theory of relevance. In *Travis I*, we concluded that the trial court had

admitted the other-acts evidence under OEC 404(3) on that proffered "sexual motive" theory, and we accepted the state's concession on appeal that that ruling was in error because it was propensity evidence, which OEC 404(3) categorically prohibits. 320 Or App at 467-70. On remand, the trial court suggested that the state should not have conceded that point and that it would have viewed the evidence as relevant on both a nonpropensity and a propensity theory, but that it "stuck with the propensity analysis" given our acceptance of the state's concession in *Travis I*.

We are not bound by a respondent's concession and must independently assess its legal correctness. *State v. Long-Ellis*, 330 Or App 414, 418, 543 P3d 761 (2024). We adhere to our holding in *Travis I* that the state's "sexual motive" theory proffered under OEC 404(3) is propensity evidence because it relies on propensity reasoning. *See Skillicorn*, 367 Or at 482-83 (explaining that evidence offered to prove a fact that relies on an inference relating to the person's character or propensities is propensity evidence "even if the proponent asserts that it is being offered to prove, for example, 'intent' or 'absence of mistake or accident'"); *Cave*, 321 Or App at 86; *Nolen*, 319 Or App at 710. Although the state sought to establish the ultimate inference that defendant had a motive to commit the charged child sexual abuse offenses, that theory relied on "an intermediate character inference, *i.e.*, that *** defendant has a sexual interest in children generally," and it "employ[s] propensity reasoning, *i.e.*, that *** defendant's sexual predisposition makes it more likely that they acted with" a sexual motive in the charged offenses. *Martinez*, 335 Or App at 656 & n 9.

However, as noted, OEC 404(4) does not categorically prohibit propensity evidence in child sexual abuse prosecutions when there is *some* permissible inference the jury may draw from it and the court takes measures to mitigate the risk of unfair prejudice. The question in this case is whether a defendant's "sexual motive" is such a permissible inference. Although it is a close question, we conclude that "sexual motive" is not a permissible inference when, as in this case, it is offered only to infer that the defendant committed the charged act.

Motive is "a cause or reason that moves the will and induces action, an inducement which leads to or tempts the mind to commit an act." *State v. Hampton*, 317 Or 251, 257 n 12, 855 P2d 621 (1993) (citation omitted). It is "a relevant circumstantial fact that refers to why a defendant did what [they] did." *Id.* Although motive "generally need not be established by the prosecution to prove guilt," it is "often pertinent as the basis to infer *that the act was committed*, or to prove the requisite mental state, or to prove the identity of the actor." *Id.* (Emphasis added.) Thus, motive is an intermediate inference that is a basis to infer another ultimate fact at issue in the case.

Here, we conclude that the state's "sexual motive" theory of relevancy is also a "propensity-only" theory because its relevancy under OEC 401 relies on defendant's character (*i.e.*, his sexual interest in children) as an intermediate inference, to establish the ultimate inference that defendant committed the charged acts in conformity with that interest (*i.e.*, his propensity). We do not understand the state's sexual motive theory in this case to have been offered to prove the ultimate fact of defendant's identity or mental state. There is no dispute that if the charged offenses occurred, defendant is the perpetrator. And the child sexual abuse offenses charged in this case do not require the state to prove that defendant acted with a sexual purpose; that purpose is inherent in the act itself. *See* ORS 163.425(1)(a) ("A person commits the crime of sexual abuse in the second degree when [t]he person subjects another person to sexual intercourse, oral or anal sexual intercourse[.]"); ORS 163.305(6) ("Sexual intercourse' has its ordinary meaning and occurs upon any penetration, however slight; emission is not required."); *Webster's Third New Int'l Dictionary* 2082 (unabridged ed 2002) (defining "sexual intercourse" as "heterosexual intercourse involving penetration of the vagina by the penis : COITUS" and "intercourse involving genital contact between individuals other than penetration of the vagina by the penis"); ORS 163.305(3) ("'Oral or anal sexual intercourse' means sexual conduct between persons consisting of contact between the sex organs or anus of one person and the mouth or anus of another."); *cf. State v. Hernandez-Esteban*, 374 Or 300, 322, ___ P3d ___ (2025) (distinguishing

between alleged conduct charged as first-degree sexual abuse that is "inherently sexual" and conduct that is not in analyzing case-specific substantial prejudice of joinder of charges involving different conduct and victims).

Thus, we understand the state's sexual motive theory to go to the ultimate fact that the charged acts were committed—that defendant's sexual interest in children is the cause or reason that moved his will and induced him to commit the charged acts of second-degree sexual abuse—not just that if defendant engaged in the charged acts, he did so with a sexual purpose. *Cf. State v. McGee*, 341 Or App 237, 254, 572 P3d 1063 (2025) ("[W]e find it difficult to imagine that the jury would not have considered the evidence to cast defendant as a generally bad person, and therefore more likely to have engaged in the acts as charged, as opposed to considering the evidence purely to decide whether, *if* defendant engaged in the charged acts, he did so with a sexual purpose." (Emphasis in original.)).

Although the trial court on remand did not explicitly set forth its reasoning for concluding that the other-acts evidence was admissible propensity evidence under OEC 404(4) after OEC 403 balancing, it abused its discretion in so ruling because both of the state's proffered theories amounted to "propensity-only" theories of relevance. Such evidence falls on the far end of the OEC 403 balancing spectrum as set forth in *Williams* and *Davis*. Because neither the state nor the trial court identified any permissible inference that the jury could draw from the other-acts evidence, the trial court erred in readmitting the evidence and reinstating the judgment of conviction. And, as we concluded in *Travis I*, "we cannot say that there was little likelihood that the erroneous admission of that evidence affected the verdict." 320 Or App at 472.

Reversed and remanded.