Submitted March 23, affirmed April 27, petition for review denied October 6, 2022 (370 Or 303)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MANUEL ALFONZO DE LEON SAY,
*Defendant-Appellant.*

Washington County Circuit Court
19CR06647; A174179

510 P3d 979

Defendant was convicted by jury of four counts of first-degree sexual abuse, ORS 163.427, and two counts of first-degree unlawful sexual penetration, ORS 163.411. On appeal, defendant assigns error to the trial court's admission of evidence of uncharged acts of sexual abuse of the victim by defendant. He argues that the trial court's ruling was based on an erroneous understanding of the nature of the sexual-predisposition evidence allowed under *State v. McKay*, 309 Or 305, 787 P2d 479 (1990). Defendant also assigns error to the trial court's denial of his motion for judgment of acquittal on one of the counts of unlawful sexual penetration. *Held*: First, *McKay* rejected the notion that sexual predisposition evidence is propensity evidence and held that evidence of a defendant's uncharged sexual misconduct toward the victim is admissible in a sexual abuse case for certain purposes. *McKay* has not been overruled and therefore the trial court did not err in admitting the evidence. Second, there was sufficient evidence for the count of unlawful sexual penetration to be considered by the factfinder, so the trial court did not err in denying the motion for a judgment of acquittal.

Affirmed.

Janelle F. Wipper, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Neil F. Byl, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shaw, Assistant Attorney General, filed the brief for respondent.

Before Mooney, Presiding Judge, and Lagesen, Chief Judge, and Kistler, Senior Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Defendant sexually abused his six-year-old daughter on multiple occasions. For that conduct, a jury convicted him of four counts of first-degree sexual abuse, ORS 163.427, and two counts of first-degree unlawful sexual penetration, ORS 163.411. The trial court sentenced him to a total of 300 months' incarceration. On appeal, defendant assigns error to the trial court's admission of evidence of uncharged acts of sexual abuse of the victim by defendant. He also assigns error to the trial court's denial of his motion for judgment of acquittal on one of the counts of unlawful sexual penetration. We affirm.

We start with defendant's claim of evidentiary error. The trial court ruled that evidence of defendant's uncharged sexual abuse of the victim was relevant under *State v. McKay*, 309 Or 305, 787 P2d 479 (1990), to show defendant's sexual predisposition toward the victim. It then balanced the probative value of that evidence against the danger of unfair prejudice presented by it under OEC 403, ultimately exercising its discretion to admit it.

On appeal, defendant argues that the trial court's ruling was based on an erroneous understanding of the nature of the sexual-predisposition evidence allowed under *McKay*. Defendant argues that *McKay* evidence is propensity evidence, something that, in defendant's view, the trial court failed to recognize. That error, according to defendant, requires us to reverse and remand so that the trial court can conduct its OEC 403 balancing while viewing the evidence as propensity evidence. Defendant also argues that, so viewed, it would be an abuse of discretion to admit the evidence under any circumstances and asserts that we should remand for a new trial in which the evidence is excluded.

We disagree for three reasons.

First, *McKay* directly rejected the notion that sexual predisposition evidence is propensity evidence. *McKay* held that evidence of a defendant's uncharged sexual misconduct toward the victim was admissible in a sexual abuse case "to demonstrate the sexual predisposition th[e] defendant had for th[e] particular victim, that is, to show the

sexual inclination of [the] defendant towards the victim, not that he had a character trait or propensity to engage in sexual misconduct generally." *Id.* at 308. Although the Supreme Court clarified what propensity evidence is in *State v. Skillicorn*, 367 Or 464, 476, 479 P3d 254 (2021), the court did not expressly overrule its holding in *McKay* that sexual-predisposition evidence is not propensity evidence, and the reasoning in *Skillicorn* does not compel that conclusion.

Second, even if *Skillicorn* had undermined *McKay*, and even if sexual-predisposition evidence were properly viewed as propensity evidence under the reasoning of *Skillicorn*, on this record, that would not supply a basis for disturbing the trial court's ruling under OEC 403. Regardless of how the evidence is characterized—propensity or nonpropensity—the trial court understood that the state's theory of relevance was to show defendant's sexual predisposition to the victim in the manner authorized by *McKay*. Taking into account that specific theory of relevance, the court balanced the probative value of the evidence on that point against the danger of unfair prejudice presented by it. *See, e.g.*, *State v. Terry*, 309 Or App 459, 464-66, 482 P3d 105 (2021) (affirming trial court's OEC 403 ruling with respect to certain evidence of prior sexual misconduct by the defendant even though trial court had mistakenly viewed the theory of relevance as nonpropensity theory of relevance).

Third, to the extent defendant asserts that the trial court abused its discretion in weighing the probative value of the evidence against the danger of unfair prejudice, we are not persuaded.

In his second assignment of error, defendant asserts that the trial court erred in denying his motion for judgment of acquittal on Count 5, one of the counts of unlawful sexual penetration. We review to determine whether the evidence, viewed in the light most favorable to the state, would allow a reasonable factfinder to find the essential elements of the crime beyond a reasonable doubt. *State v. Cervantes*, 319 Or 121, 125, 873 P2d 316 (1994). Count 5 alleged that the unlawful penetration occurred in defendant's home. The evidence in support of that count was the victim's testimony that defendant had done the "same thing" to her that he had

done at his workplace; the victim described the workplace incident as involving touching her under her underwear on "both" the outside part and the inside part of her "front part" that she used "[t]o go to the bathroom." That evidence would allow a reasonable factfinder to find that defendant digitally penetrated the victim's vagina at his workplace and then did the same thing at defendant's home, as alleged in Count 5. The trial court did not err by denying defendant's motion for judgment of acquittal.

Affirmed.