Argued and submitted September 21, 2021, reversed and remanded
July 27, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JACK ALLEN CAVE,
*Defendant-Appellant.*

Deschutes County Circuit Court
15FE0090; A172641

516 P3d 279

Defendant appeals from a judgment of conviction for rape, sexual abuse, and sodomy. The Court of Appeals previously reversed and remanded the case after the court determined that the trial court erred in admitting testimony from defendant's adult daughter that defendant had sexually abused her when she was a child. On remand, the trial court reinstated the original judgment after determining that the testimony was admissible under OEC 404(3) for the non-propensity purposes of showing defendant's sexual purpose when touching the victims and for impeaching witnesses' testimony of defendant's sexual propriety. The trial court declined to consider the admissibility of the testimony as propensity evidence under OEC 404(4) and concluded that the probative value of the testimony substantially outweighed any unfair prejudice under OEC 403. On appeal, defendant assigns error to the trial court's ruling that the testimony was admissible under OEC 404(3) and argues that the trial court overestimated the probative value and underestimated the prejudice of that evidence under OEC 403. *Held*: The trial court erred in admitting the evidence under OEC 404(3) because the theories of admissibility relied on propensity reasoning. Moreover, the trial court's OEC 403 balancing was affected by the initial error.

Reversed and remanded.

Stephen P. Forte, Judge.

Thaddeus Betz argued the cause and filed the briefs for appellant.

David B. Thompson, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Mooney, Presiding Judge, and Hellman, Judge, and DeVore, Senior Judge.*

––––––––––––––
* Hellman, J., *vice* DeHoog, J. pro tempore.

HELLMAN, J.

Reversed and remanded.

**HELLMAN, J.**

This case, in which defendant was convicted of sex crimes committed against two of his granddaughters, is before us for a second time.[1] We previously reversed and remanded the case after we determined that the trial court erred in admitting testimony, on multiple nonpropensity theories under OEC 404(3), from defendant's adult daughter, J, that defendant had also sexually abused her when she was a child. *State v. Cave*, 298 Or App 30, 41, 445 P3d 364 (2019). On remand, the trial court reinstated the original judgment after determining that J's testimony was admissible based upon different nonpropensity purposes under OEC 404(3) and that the probative value of the testimony outweighed any unfair prejudice under OEC 403. *See State v. Baughman*, 361 Or 386, 410-11, 393 P3d 1132 (2017) (explaining analysis upon remand in these circumstances).

On appeal, defendant assigns error to the trial court's ruling on remand that J's testimony was admissible as nonpropensity evidence under OEC 404(3) and argues that, as a result, the trial court subsequently overestimated the probative value and underestimated the prejudice of that evidence under OEC 403. The state now correctly concedes that its theories for admissibility of J's testimony depend on propensity-based reasoning and that the trial court erred in admitting that evidence under OEC 404(3). The state argues, however, that the trial court's erroneous conclusion that J's testimony was admissible under OEC 404(3) does not invalidate the court's OEC 403 balancing where the court ultimately understood that the evidence was being used for propensity purposes—to show defendant's sexual interest in children.

Upon review of this record, we agree with defendant that the trial court's error cannot be reduced to one of "mislabeling" and that the trial court's balancing under OEC 403 was not based on an evaluation of that evidence as propensity evidence. We ultimately conclude that the trial court

---

[1] Defendant was convicted of two counts of first-degree sexual abuse, ORS 163.427(a), for touching his granddaughter M's vagina; four counts of first-degree rape, ORS 163.375(b), for the sexual penetration of his granddaughter, L; and two counts of first-degree sodomy, ORS 163.405(c) for deviate sexual penetration of L.

erred in admitting the evidence under OEC 404(3) and, for the reasons below, reverse and remand.[2]

The facts relevant to this appeal are undisputed and largely relate to the parties' arguments to the trial court on remand and how the trial court understood those arguments.

On remand, we directed the trial court to engage in the analysis described in *Baughman* to consider the admissibility of defendant's prior uncharged sexual abuse of his daughter under OEC 404(3), OEC 404(4), and OEC 403. *Cave*, 298 Or App at 43. Under that analysis, a trial court should first determine whether evidence is admissible under OEC 404(3) for a nonpropensity purpose.[3] *Baughman*, 361 Or at 404. If it is, the trial court then engages in OEC 403 balancing by determining whether the probative value of that evidence is substantially outweighed by the danger of unfair prejudice. *Id.* If the trial court determines that the evidence is not admissible for a nonpropensity purpose, it should then determine, first, whether the evidence is admissible under OEC 404(4)[4] as propensity evidence and then, second, whether the probative value of the propensity evidence is substantially outweighed by the danger of unfair prejudice under OEC 403. *Id.* at 404-05.

A precise determination about the legal basis for admitting certain evidence is not an academic exercise in "labeling." Whether the evidence is understood as being admitted as nonpropensity evidence under OEC 404(3) or as propensity evidence under OEC 404(4) has "a significant effect on whether the trial court admits that evidence" under OEC 403. *Id.* at 405. When evidence is relevant only to prove

---

[2] Because we reverse and remand based on defendant's first assignment of error, we do not reach his second assignment of error, in which he argues that the trial court erred in denying his motion for a new trial.

[3] Under OEC 404(3), "[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

[4] Under OEC 404(4), evidence of other acts by defendant are admissible if relevant unless otherwise prohibited by the rules of evidence relating to privilege and hearsay, the Oregon Constitution, and the United States Constitution.

a defendant's character as propensity evidence, "more significant due process concerns are implicated, and, generally, the danger of unfair prejudice will substantially outweigh the probative value of the evidence." *Id.* Thus, the initial determination about the category of evidence has real-world implications for its admissibility.

On remand, the state argued that J's testimony was admissible under both OEC 404(3) and OEC 404(4). First, the state argued that evidence that defendant had previously sexually abused his daughter was relevant under OEC 404(3) for the nonpropensity purpose of showing defendant's sexual interest in children. The state argued that evidence that defendant had previously sexually abused children made it more likely that he acted with a sexual purpose toward his granddaughters in the charged instances. Second, the state argued that J's testimony was relevant to impeach defendant's and witnesses' testimony that defendant generally behaved with propriety around children. Third, the state argued that J's testimony was admissible under OEC 404(4) to show defendant's sexual interest in children as propensity evidence in a child sex abuse case. *See State v. Williams*, 357 Or 1, 20, 346 P3d 455 (2015) (explaining that, in child sex abuse cases, other acts evidence used to prove character and propensity may be admissible under OEC 404(4) depending on subsequent OEC 403 balancing).

While engaging in the first step of the *Baughman* analysis, the trial court agreed with the state that J's testimony was admissible under OEC 404(3) for the nonpropensity purposes of showing defendant's sexual purpose when touching his granddaughters and for impeaching witnesses' testimony of defendant's sexual propriety. When subsequently weighing the probative value of the evidence under OEC 403, the trial court found the "[s]tate's need for the evidence to be very high" in light of the state's need to prove that defendant acted with a "sexual purpose" for the sexual abuse charges and to counter defendant's own presentation of evidence regarding his innocent touching of children. The trial court determined that the probative value outweighed any potential prejudice of "confusion of the issues" or "misleading the jury."

The trial court then expressly declined to consider the state's argument that the evidence was admissible for propensity purposes under OEC 404(4), explaining:

> "The third issue is whether the evidence was admitted for a propensity purpose, and I don't think they're going to reach that issue because *it wasn't admitted for a propensity purpose. Wasn't offered for a propensity purpose, it wasn't received for propensity purpose*, and it's not necessary for the Court to reach this issue, and I'm not going to reach the issue because it was offered and received, as I've just outlined, for the *nonpropensity purposes* that I've discussed."

(Emphases added.)

We review the trial court's determination that evidence of uncharged misconduct qualifies for admission under OEC 404(3) or OEC 404(4) for legal error. *State v. Terry*, 309 Or App 459, 461, 482 P3d 105 (2021).

We begin by acknowledging that since our earlier decision in this case, we have clarified the boundaries for the admissibility of sexual purpose evidence under OEC 404(3). We have explained that, regardless of whether evidence is offered to show a defendant's "sexual purpose" in committing the charged offense, that evidence is inadmissible under OEC 404(3) if the theory of admissibility reduces to an argument about the defendant's character. *State v. Nolen*, 319 Or App 703, 710, 511 P3d 1110 (2022); *State v. Levasseur*, 309 Or App 745, 753, 483 P3d 1167, *adh'd to as modified on recons*, 312 Or App 733, 489 P3d 630, *rev den*, 368 Or 788 (2021). Thus, if the state's theory of admissibility requires the factfinder to infer from defendant's prior actions that he was more likely to have acted with the same purpose in the charged instance, that evidence is propensity evidence and inadmissible under OEC 404(3). *Levasseur*, 309 Or App at 753 (relying on *State v. Skillicorn*, 367 Or 464, 483, 479 P3d 254 (2021)).

On appeal, the state concedes that both theories of admissibility it presented on remand—to show defendant's sexual purpose and to impeach testimony of defendant's sexual propriety—relied on propensity reasoning and J's testimony was inadmissible under OEC 404(3). That concession

reflects the progression in our case law since our preceding opinion in this case, in which we contemplated that

> "[w]hether evidence establishing a defendant's sexual purpose toward a child is propensity or nonpropensity evidence is a question that has not yet been resolved by the Supreme Court, and it is the subject of significant confusion."

*Cave*, 298 Or App at 42 n 9.

Although we understand that the trial court on remand was likely operating with that same understanding, we agree with the parties that, as informed by subsequent case law, the trial court erred in admitting the challenged evidence as nonpropensity evidence under OEC 404(3). To the extent that J's testimony was admissible, it was admissible as propensity evidence under OEC 404(4), not as nonpropensity evidence under OEC 404(3).

As we understand it, the state now argues that, for purposes of affirming the trial court's OEC 403 balancing, it does not matter whether the trial court admitted the evidence under the "label" of nonpropensity evidence through OEC 404(3) or as propensity evidence through OEC 404(4), because the probative value of the evidence is the same where the trial court understood the evidence to show that the defendant had a sexual purpose in both instances. Where the probative value of the evidence remains the same under either route to admissibility, the state argues that we can rely on the trial court's OEC 403 balancing to uphold the admission of J's testimony despite the trial court's error in admitting the evidence under OEC 404(3).

In some instances, after determining that a trial court erred in admitting propensity evidence under OEC 404(3), we have considered, "[re]gardless of how the evidence is characterized," whether the trial court substantively understood that the state's theory of relevance depended on propensity reasoning when it admitted the evidence after balancing under OEC 403. *State v. De Leon Say*, 319 Or App 271, 273, 510 P3d 979 (2022); *Terry*, 309 Or App at 464; *see State v. Martinez*, 315 Or App 48, 57-58, 499 P3d 856 (2021) (considering whether the trial court "implicitly" understood it was admitting propensity evidence under OEC 404(4)). As we have recently explained, that is because both the label

placed on the evidence—either nonpropensity under OEC 404(3) or propensity under OEC 404(4)—and the substantive content of the arguments for and against admissibility inform our understanding of the trial court's ruling. *State v. Travis*, 320 Or App 460, 469-70, 513 P3d 614 (2022).

Undertaking such an analysis, however, inherently asks us, at times, to intuit the trial court's reasoning in circumstances where that reasoning is not clear from the record. When dealing with propensity evidence, which is generally prohibited because "it is unfairly prejudicial and likely to be overvalued," we must be careful not to assume that the trial court's analysis accounted for the dangers of character-based evidence in the name of judicial efficiency. *See Skillicorn*, 367 Or at 477-78 (describing the prohibition against propensity evidence as "a fundamental aspect of our legal system"); *Baughman*, 361 Or at 405 (explaining that "more significant due process concerns are implicated" when propensity evidence is admitted under OEC 404(4)).

Upon review of the record, we disagree with the state that this is an instance where the trial court's explanation of its ruling indicates that it clearly considered the propensity-based nature of the evidence in its OEC 403 balancing. Here, the trial court explicitly and repeatedly stated that it was admitting J's testimony for "nonpropensity purposes" and that the "testimony was never received for any propensity purpose." Although both parties presented arguments regarding the testimony's admissibility as propensity evidence under OEC 404(4), the trial court expressly declined to "reach that issue because [the testimony] wasn't admitted for a propensity purpose."[5] Thus, this

---

[5] When the trial court declined to consider whether J's testimony was admissible as propensity evidence under OEC 404(4), we understand that the court was likely following the language in *Baughman* that directs the trial court that it "need not determine whether the evidence is also admissible under OEC 404(4) and OEC 403" if the trial court first determines that the evidence is admissible as nonpropensity evidence under OEC 404(3). 361 Or at 404.

Although that language does not require a trial court to undertake an OEC 404(4) finding when engaging in a *Baughman* analysis, we do not read *Baughman* as prohibiting a trial court from making both OEC 404(3) and OEC 404(4) findings. And, in light of *Skillicorn* and the subsequent development of case law regarding other acts evidence, trial courts may be called upon to more frequently make both OEC 404(3) and OEC 404(4) findings.

case is unlike *Terry*, where we concluded that the trial court had expressly admitted the challenged evidence as propensity evidence under the "label" of OEC 404(4) or where the trial court based its admission on an understanding that it was admitting character-based evidence. 309 Or App at 462, 464.

To be sure, the trial court stated that it was admitting J's testimony for the purpose of demonstrating defendant's "sexual purpose" and explained that evidence of defendant's prior sexual contact with his daughter "would make it more likely that he'd acted with a sexual purpose rather than an innocent one with respect to the alleged victims in this case." But the use of the phrase "sexual purpose" is not enough to demonstrate that the trial court correctly considered J's testimony as propensity evidence.

As evidenced by the parties' arguments below, and the trial court's ruling in this case, "sexual purpose" is a phrase that can refer to evidence that is inadmissible under OEC 404(3) or evidence that is admissible under OEC 404(4). In other words, the phrase "sexual purpose" does not automatically equate to a finding of propensity evidence under OEC 404(4). Viewing the trial court's ruling in its entirety, the trial court did not consider J's testimony to be propensity evidence equivalent to that admitted under OEC 404(4). *Cf. Terry*, 309 Or App at 464 (trial court admitted evidence on basis of state's argument that the evidence "goes to his propensity"). As a result, we cannot conclude that the trial court grappled with the specific prejudices associated with propensity evidence when weighed against its probative value under OEC 403. The trial court's OEC 403 balancing was thus affected by its initial error in admitting J's testimony under OEC 404(3).

That is not to say that the trial court could not ultimately find the evidence in this case admissible under OEC 404(4) after weighing it as propensity evidence in the OEC 403 analysis. But that is a determination for the trial court to make in the first instance. *See State v. Sewell*, 257 Or App 462, 468-69, 307 P3d 464, *rev den*, 354 Or 389 (2013) (contemplating that weighing evidence under OEC 403 is a matter of discretion for the trial courts).

Where either admitting or excluding the challenged evidence under OEC 403 falls within the range of permissible outcomes, we cannot say that the trial court's error was harmless. *State v. Holt*, 292 Or App 826, 834, 426 P3d 198 (2018) (concluding that the trial court's failure to balance evidence under OEC 403 was not harmless where either admitting or excluding the evidence was within the range of permissible outcomes). Further, in a case where the credibility of the witnesses was central to determining whether the charged conduct occurred, we cannot conclude that there was little likelihood that the trial court's error in admitting J's testimony affected the verdict. *See State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003) (determining whether an error is harmless depends on whether the erroneous admission of the evidence had little likelihood of affecting the jury's verdict).

We therefore reverse and remand for the trial court to determine, as outlined in *Baughman*, whether, after conducting a correct analysis under OEC 404(4) and OEC 403, J's testimony should again be received and whether a new trial is required or appropriate. 361 Or at 410.

Reversed and remanded.