***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted October 4, reversed and remanded November 16, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

EDWARD SAMUEL THOMPSON,
*Defendant-Appellant.*

Lane County Circuit Court
19CR49992; A175103

Debra K. Vogt, Judge.

David O. Ferry, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Christopher A. Perdue, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, and Powers, Judge, and Pagán, Judge.

SHORR, P. J.

Reversed and remanded.

**SHORR, P. J.**

Defendant was convicted of four counts of first-degree rape (Counts 1, 4, 7, and 10), one count of first-degree sodomy (Count 2), and five counts of first-degree sexual abuse (Counts 3, 6, 9, 12, and 15) against K, a family friend whom he babysat.[1] He appeals the judgment of conviction, assigning error to the trial court's admission of certain "other acts" evidence, specifically evidence (1) of uncharged allegations by defendant's niece, S, that defendant had raped and sexually abused her in a hotel bathroom; (2) that defendant was convicted of sexually abusing his foster sister in 1996; (3) that defendant raped that foster sister from the time he was 12 to 15 years old and sexually abused other foster siblings; (4) of defendant's admission that he sexually abused 13 minor females and males when he was a juvenile; (5) of defendant's admissions that he still struggles with his sexual attraction to females between the ages of 7 and 12, and that he has struggled like addicts do with their addictions; (6) of defendant's admission that he masturbates to thoughts and fantasies about his past minor victims; and (7) of defendant's admission that he had viewed child pornography in the past.[2]

In its written opinion and order, the trial court held that the evidence was admissible "for purposes other than to show that the defendant acted in conformity with a trait of his character, it is specifically relevant to provide motive, intent and plan," citing OEC 404(3).[3] The court further concluded that, under OEC 403,[4] "the probative value of the

---

[1] Five additional counts—one count of first-degree rape and four counts of first-degree sodomy—were dismissed.

[2] The parties do not dispute that the challenged evidence constitutes "other acts" evidence for purposes of OEC 404(3) and (4).

[3] OEC 404(3) provides:

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

[4] OEC 403 provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

evidence * * * outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury," explaining that it was "highly probative of the defendant's sexual interest in [K]," which was relevant to proving that defendant acted with the purpose of arousing or gratifying his sexual desire, that he planned to become K's care provider so he would have the opportunity to sexually abuse her, and that he had motive to sexually abuse her.

The state concedes that the evidence was not relevant for any nonpropensity purpose under OEC 404(3). We agree. As the state recognizes, its theory of relevance for admitting the evidence depended on a propensity inference; thus, the trial court erred in admitting the challenged evidence for a noncharacter purpose under OEC 404(3). *See State v. Cave*, 321 Or App 81, 86, 516 P3d 279 (2022) ("[I]f the state's theory of admissibility requires the factfinder to infer from defendant's prior actions that he was more likely to have acted with the same purpose in the charged instance, that evidence is propensity evidence and inadmissible under OEC 404(3)." (Citing *State v. Levasseur*, 309 Or App 745, 753, 483 P3d 1167, *adh'd to as clarified on recons*, 312 Or App 733, 489 P3d 630, *rev den*, 368 Or 788 (2021), relying on *State v. Skillicorn*, 367 Or 464, 483, 479 P3d 254 (2021).)). Here, as in *Cave*, *if* the evidence was admissible, "it was admissible as propensity evidence under OEC 404(4),[5] not as nonpropensity evidence under OEC 404(3)." 321 Or App at 87.

The state further concedes, in response to defendant's memorandum of additional authorities, that, under our recent decisions in *Cave* and *State v. Travis*, 320 Or App 460, 513 P3d 614 (2022), the trial court erred because it is not clear that the court considered the relevance of the evidence as propensity evidence under OEC 404(4).[6] Again, we agree and accept the state's concession. The record in this case does not permit an inference that the trial court considered the evidence for a propensity purpose under OEC

---

[5] OEC 404(4) provides that, in a criminal case, evidence of other acts by the defendant is admissible if relevant unless otherwise prohibited by the rules of evidence relating to privilege and hearsay, the Oregon Constitution, or the United States Constitution.

[6] The state maintains that those cases, although controlling, were wrongly decided. We decline to revisit those decisions.

404(4), such that its OEC 403 balancing was not affected by the error in admitting the evidence under OEC 404(3). *See State v. Baughman*, 361 Or 386, 405, 393 P3d 1132 (2017) ("[W]hen evidence is relevant only to prove a defendant's character, more significant due process concerns are implicated, and, generally, the danger of unfair prejudice will substantially outweigh the probative value of the evidence."); *Cave*, 321 Or App at 87-88 (rejecting state's argument that "it does not matter whether the trial court admitted the evidence under the 'label' of nonpropensity evidence through OEC 404(3) or as propensity evidence through OEC 404(4), because the probative value of the evidence is the same where the trial court understood the evidence to show that the defendant had a sexual purpose in both instances"); *Travis*, 320 Or App at 466 (inherent in the two-step analysis required under *Baughman*, 361 Or at 404-05, "is the recognition that OEC 403 balancing is dependent on the purpose for which the other acts evidence is offered").

As in *Cave*, this is not an instance "where the trial court's explanation of its ruling indicates that it clearly considered the propensity-based nature of the evidence in its OEC 403 balancing." 321 Or App at 88. To the contrary, although the state could be understood to have *argued* that the evidence was also admissible under OEC 404(4), the trial court unambiguously stated in its ruling that it was admitting the evidence for "other than" propensity purposes—specifically, motive, intent, and plan—citing OEC 404(3), and never mentioning OEC 404(4). We thus understand the court to have admitted the challenged evidence solely on the basis of OEC 404(3). Because the court conducted its OEC 403 balancing through that lens, we cannot conclude that the court considered the "specific prejudices" associated with propensity evidence. *Id.* at 89. As the Supreme Court has observed;

"At one end of the spectrum, 'other acts' evidence that is offered for nonpropensity purposes—*i.e.*, to prove motive, intent, identity, or lack of mistake or accident—generally will be admissible as long as the particular facts of the case do not demonstrate a risk of unfair prejudice that outweighs the probative value of the evidence. At the other end of the spectrum, as the state recognizes, when 'other acts'

evidence 'goes only to character and there are *no* permissible inferences the jury may draw from it,' it is more likely that the evidence will be excluded. Such evidence generally will have little or no cognizable probative value, and the risk that the jury may conclude improperly that the defendant had acted in accordance with past acts on the occasion of the charged crime will be substantial."

*State v. Williams*, 357 Or 1, 19-20, 346 P3d 455 (2015) (emphasis in original; internal citation omitted). The trial court must engage in the appropriate OEC 403 balancing on remand based on the evidence's potential admission under OEC 404(4) and its use as propensity evidence.

Finally, as defendant contends, the court's error in admitting the evidence was not harmless. Indeed, the state does not contend otherwise. The erroneously admitted evidence—which the state emphasized in its closing arguments—portrayed defendant as a life-long abuser of children from his own childhood on and suggested that defendant continued to be sexually attracted to children and that there were a number of child victims of defendant's abuse for which he had never been punished. We cannot conclude that there is "little likelihood" that the trial court's error in admitting that evidence affected the jury's verdict. *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003) (in determining whether an error was harmless, we ask whether there was "little likelihood that the particular error affected the verdict").

Accordingly, as in our previous cases in this posture, we remand for the trial court to determine, in the first instance, "whether, after conducting a correct analysis under OEC 404 and OEC 403, other acts evidence should again be received and whether a new trial is required or appropriate." *Baughman*, 361 Or at 410.

Reversed and remanded.